# CASES

### ARGUED AND DETERMINED

#### IN THE

## COURT FOR THE CORRECTION OF ERRORS,

#### IN FEBRUARY AND MARCH, 1815.

———

| | |
|---|---|
| ROBERT SANDS, | *Appellant.* |
| *against* | |
| PATRICK G. HILDRETH, | *Respondent.* |

THIS was an appeal from the court of chancery. The respondent filed his bill in the court below, against the appellant, and *Comfort Sands*, and *Amie J. Barbarine*, to set aside a conveyance by *Comfort Sands*, to the appellant, of a ropewalk and premises, in *Brooklyn*, purchased by the respondent at a sheriff's sale, on an execution against *Comfort Sands*, on the ground of fraud. *Barbarine* was made defendant, as tenant for years, in possession of the premises. The bill was taken, *pro confesso*, against *Comfort Sands*, for want of answer; and as to *Barbarine*, the cause stood on the bill and answer. The first answer of *Robert Sands* was excepted to, as insufficient, and he put in a second answer, which also being excepted to, he put in a third answer, to which the respondent replied, and the cause being at issue, witnesses were examined on the part of the respondent; but no witness was produced or examined, on the part of the appellant, in support of his title.

*No appeal lies from a decree pronounced by the court of chancery, on the default of the defendant, in not appearing at the hearing, after the cause had been regularly set down and regular notice for that purpose.*

IN ERROR.
.......
ALBANY,
February, 1815.

SANDS
v.
HILDRETH.

The cause was regularly set down for a hearing at *August* term, 1814, when the defendants all made default, no person appearing in behalf of either of them. Upon which the following decree was pronounced by the chancellor:

" This cause, coming on to be heard on the pleadings and proofs therein, as against the defendant, *Robert Sands*, and on the bill taken, *pro confesso*, against the defendant, *Comfort Sands*, and upon bill and answer, as between the complainant and the defendant, *Amie J. Barbarine*, and the matter being opened by Mr. *Riggs*, on behalf of the complainant, (no person appearing on the part of the defendants, or either of them,) and it satisfactorily appearing to the court, that due notice of the hearing had been given to the solicitors of the defendants respectively: whereupon, it is ordered, adjudged, and decreed, and his honour the chancellor, by virtue of the power and authority of this court, doth accordingly order, adjudge, and decree, that the deed of conveyance from the defendant, *Comfort Sands*, to the defendant, *Robert Sands*, in the pleadings mentioned, and therein described, as bearing date the 21st day of *February*, in the year of our Lord one thousand eight hundred and seven, for certain real estate and premises, situate at *Brooklyn*, in *King's* county, in this state, having been made to delay and defraud the *bona fide* creditors of the said *Comfort Sands*, is void as against the complainant in this cause, and the same is accordingly set aside, as against the complainant, who became entitled to the premises in the said deed described, as a purchaser thereof, under the sale and conveyance, made to him by the sheriff of *King's* county, as in the pleadings mentioned, from the time of the sale and conveyance by the said sheriff, (and is now entitled thereto, and to the rents thereof, from the defendant, *Amie J. Barbarine*,) bearing date the 10th day of *March*, in the year one thousand eight hundred and eleven, and mentioned in his answer in this cause, and which shall hereafter accrue, and become payable under the said lease, by the said *Amie J. Barbarine*, who is to be considered as a tenant of the complainant, *Patrick G. Hildreth*, during the residue of the term for years, in the said lease contained, at the rent therein and thereby reserved; and the said *Amie J. Barbarine* is to attorn to the complainant, and pay him the said rent accordingly, as well what is in arrear, as what shall hereafter accrue upon the said lease; but that the covenant in the said lease contained, on the part of the defendant,

IN ERROR.
.......
ALBANY,
February, 1815.

SANDS
v.
HILDRETH.

*Robert Sands*, to pay for all the tools and implements in the ropewalk, on the said premises, as in the said lease contained, is not obligatory upon the complainant as owner of the said premises by purchase. And it is further ordered, adjudged, and decreed, that the complainant pay to the defendant, *Amie J. Barbarine*, his costs, to be taxed. And it is further ordered, adjudged, and decreed, that the defendants, *Robert Sands* and *Comfort Sands*, shall pay to the complainant his costs of this suit, to be taxed, including the costs to be paid by the complainant to *Amie J. Barbarine*, as before directed ; and that the complainant have execution thereof, according to law, and the course of the court. And it appearing to the court, by the answer of the said defendant, *Amie J. Barbarine*, that the rent of the said premises, under the said lease, from the said *Robert Sands* to him, and payable to the complainant, as standing in the place of the said *Robert Sands*, the lessor, is 465 dollars 10 cents per annum, payable in quarterly payments, being 116 dollars 27 1-2 cents for each quarter, and that the said rent, for two years and six months, ending the 1st day of *August*, in the year one thousand eight hundred and fourteen, is in arrear and unpaid, amounting to 1,162 dollars and 75 cents. It is further ordered, that if the same is not paid within ten days, the complainant have execution for the same against the said *Amie J. Barbarine*, according to law; and that the complainant have execution for the said quarterly payments of rent, subsequent to the said 1st day of *August*, as the same shall become payable, unless the said *Amie J. Barbarine* shall attorn to the complainant, and become his tenant under the said lease."

The CHANCELLOR being called upon, according to the course of this court, to give his reasons for the decree in the court below, said, that as the appellants never appeared at the hearing, to make any defence, he had no reasons to assign, as his decree was given, as matter of course, on the default of the defendants below.

*Riggs*, for the respondent, now moved to have the appeal dismissed, on the ground that the defendants did never appear in the court below to defend the suit. He contended, that this court ought not to hear an appeal from the decree of the court of chancery, unless the defendant below had made a defence, for two reasons : 1. Because this court would be obliged to

*IN ERROR.*

ALBANY,
February, 1815.

SANDS
v.
HILDRETH.

decide without having the reasons of the chancellor. 2. That the court below would be obliged to give an opinion on a mere *ex parte* hearing of a cause.

To allow the appeal, in this case, would be making this a court of original jurisdiction. The defendants, who have treated the court below with disrespect, can lose nothing by the rejection of their appeal. The default was voluntary on their part, and it is their own fault that a decree has been pronounced against them. If they had any real defence to make, they should have appeared at the hearing.

*1 Dickens' Rep.*
*282.*

In *Dean* v. *Abel*,* when the defendant made default at the hearing, and a decree was pronounced against him, from which he appealed, the house of lords, without going into the merits, dismissed the appeal, for it was in the nature of an original hearing.

No matter, not prayed for in a bill, or insisted on at the hearing, can be made the ground of an appeal. It is the established rule of the house of lords, and is founded in the very nature of a court of appeals, that no point not made in the court below can be made on the appeal.†

*† Chamley v. Ld.*
*Dusany and o-*
*thers, 2 Sch. &*
*Lef. Rep. 689—*
*712. Per Ld.*
*Eldon.*

*T. A. Emmet*, and *Woodworth*, for the appellant, said, it was unnecessary to look for *English* authorities, when our statute authorized the appellant to come to this court. That statute (sess. 24. ch. 10. s. 3. 1 *N. R. L.* 134.) declares, that " all persons aggrieved by any sentence, judgment, decree, or order, of the court of chancery, or court of probates, may appeal from the same, or any part thereof," to this court. The appellant has a right to this appeal, both from the terms and the spirit of the statute. The terms of the act are plain and explicit ; and the spirit and intention of it are equally clear. The chancellor is bound to examine every case that comes before him, before he pronounces his decree. The defendant may repose such confidence in the learning and integrity of the chancellor, as to be willing to trust the decision to his conscience ; and he ought not, in justice to the appellant, to put his conscience into the hands of the solicitor, for drawing up the decree.

It appears, from the decree, that the cause was *considered* by the chancellor.

Though we might, possibly, obtain a rehearing, yet that cannot affect our right of appeal.

*Riggs*, in reply, said, that there was nothing imperative in the act relative to appeals ; and this court, in the construction of it, have considered the circumstances of the case. The right of a suitor, in *England*, to appeal, is as perfect as it is in this state. If the decree was not warranted by the record, the defendants below might bring a bill of review, and have a rehearing.

*Emmet.* A bill of review is not the proper remedy for the defendants below.*

By the Court, unanimously, *Ordered,* that the appeal be dismissed, with costs.