Van Ness, J.
The question raised in this cause was never brought before the Supreme Court for its consideration. It is true, that a similar question was decided by the Supreme Court in January term, 1813, in the case of The Corporation of New-York v. Cashman, (10 Johns. Rep. 96.) As judgment was entered by default on the demurrer in this cause, without argument or discussion, or any examination of the question, the judges of the Supreme Court have no reasons to assign for the judgment.
The Chancellor,
This court cannot take notice of a cause which has never been brought before the court below, for its consideration and judgment, although they may have solemnly decided a similar question in some other cause. This court, has jurisdiction merely to correct errors in the judgments of the Supreme Court and the Court*of Chancery, in causes brought here on writs of error or by appeal. That this case has been settled and brought here by the consent of both parties, can make no difference. Though consent may take away error, it cannot give jurisdiction. In the case of Sands v. Hildreth, (12 Johns. Rep. 493.) this court, in 1815, decided, that no appeal lies from a decree #of the Court of Chancery, where the defendant did not appear at the hearing, after regular notice, but voluntarily suffered judgment to pass against him by default. The same question again arose in 1816, in the case of Gelston v. Hoyt, (13 Johns. Rep. 561. 576.) in which there was a demurrer to two of the pleas, and when the cause was called in the Supreme Court, the counsel for the defendant declined arguing the demurrer, and judgment.was entered for the plaintiff, as of course. This court held, that the defendants were precluded from arguing here any questions arising on the demurrer ; that to discuss and consider matters not brought before the court below, or which were abandoned by the party, would, in effect, be assuming original *371 jurisdiction. In delivering my opinion in that case, I stated my reasons at large, for not taking notice of a question not discussed nor considered in the Supreme Court. l am clearly of opinion, that the writ of error in this case ought to be quashed.
Spencer, Ch. J., Van Ness, J., Yates, J., Platt, J., and Woodworth, though they declined taking any part m the decision of this particular case, expressed their opinions as to the general question of practice, and the jurisdiction of the court, in which they fully concurred with the chancellor. Their reasons were substantially the same as those stated in the case of Gelston v. Hoyt.
Skinner, Senator,
Every case must, and ought to, depend on its own particular circumstances. The very question which arose in this case had been, before, in two other causes, solemnly argued and decided by the Supreme Court. It would have been useless, therefore, to have attempted to argue it again in that court. It was not to be supposed that the Supreme Court would overturn a judgment which they had so lately, and so deliberately and solemnly pronounced. The question, then, is not one raised for the first time, and which the court below have not considered and adjudged. We have the judgment of that court upon it; and the reasons of that judgment are to be found in the reports of the cases which have been mentioned. I agree, that if a party, #in the first instance, will pass by the Supreme Court without presenting, for their consideration and judgment, the questions arising in a cause, he ought not to be heard in this court. But when precisely the same question has been already fully discussed and considered by the court below, though in a different cause, it seems to me to form an exception to the general rule, and I see no reason why we may not, if we think there is error in this respect, apparent on the record, a transcript of which is sent here, proceed to correct that error. The direction of the constitution, that the judges are to assign their reasons here, is not that which gives this court jurisdiction. That provision is merely for the purpose of affording light and information as to the points decided in the Supreme Court. I am of opinion, therefore, that, the writ ought not to be quashed.