Dorr Appellant agt. Birge and Wells Respondents.

---

## SUPREME COURT.

Dorr Appellant agt. BIRGE and WELLS Respondents.

In respect to causes originating in a Justice's Court, the Supreme Court has merely an appellate jurisdiction. It can only review and correct the decisions of the County Court actually made, after a hearing of both parties.

It has no power to review a judgment rendered in the County Court by default.

*Albany General Term*, May 1850. *Before Justices* WATSON, PARKER and WRIGHT. Dorr sued Birge & Wells before a justice of the peace, in the town of Lansingburgh, for taking away a wagon, and recovered a judgment for $73·17 damages and costs. The defendants appealed to the county court of Rensselaer county, where the judgment was reversed with costs. The plaintiff then appealed to this court. It appeared by the papers returned on appeal to this court, that the judgment of reversal in the county court, was recovered by default.

J. K. PORTER, *for Appellant.*

R. M. & M. I. TOWNSEND, *for Respondents*

By the Court, PARKER, J.—We are met on the threshold of the examination of this case, by the objection that the judgment of the county court, which the appellant now seeks to reverse, was rendered by default; and it is contended that in such case, the judgment ought to be affirmed or the appeal dismissed. If this objection is well taken it will be unnecessary to examine the merits of the controversy as it existed before the justice's court.

In Cheetham vs. Tillotson (5 *John.* 430), the late court for the correction of errors reversed, on error, a judgment rendered in the Supreme Court by default. The objection does not appear to have been taken in that case that a writ of error would not lie to review a judgment recovered by default. The only question, discussed by counsel and decided by the court, was whether the declaration set forth a sufficient cause of action?

But since the determination of that case there has been a series of decisions, holding that neither an appeal nor a writ of error would be entertained by that court except for the purpose of reviewing an actual determination of the court below.

In Sands vs. Hildreth (12 *John. R.,* 493), the cause was regularly noticed for hearing in the Court of Chancery. The defendants did not appear, and a decree was taken by default, from which the defendants appealed to the Court for the correction of errors. But the court unanimously held that an appeal would not lie from a judgment voluntarily suffered by default, and ordered the appeal to be dismissed with costs.

In Gelston vs. Hoyt (13 *John.* 561), the defendant's counsel had declined arguing a demurrer before the Supreme Court, and judgment was of course given for the plaintiff. It was held by the court for the correction of errors that the defendant could not on bringing a writ of error to that court, object to the propriety of a judgment which had thus passed against him by default. The question was then fully examined by the chancellor, and the general rule laid down that no point could be raised in a court of appellate jurisdiction, which was not argued in the court below.

In Henry vs. Cuyler (17 *John. R.,* 469), judgment had been

taken in the Supreme Court, on demurrer, and the writ of error was quashed on the ground that the judgment sought to be reversed was recovered by default.

In Colden vs. Knickerbocker (2 *Cowen R.* 31), it was held that the writ of error to the Supreme Court would not lie upon a judgment by default, and if brought, that the proper course was neither to affirm or reverse, but to dismiss the writ of error. The same doctrine has been reiterated in Campbell vs. Stokes (2 *Wend. R.* 146), Houghton vs. Starr (4 *id.* 179), Wood vs. Young (5 *id.* 620), Kane vs. Whittick (8 *id.* 219).

It is said this rule was peculiar to the late court for the correction of errors, and owed its existence to a provision in the state constitution of 1777, which, in instituting the court (*Art.* 32), declared that " if a cause shall be brought up by writ of error on a question of law on a judgment in the Supreme Court, the judges of the Court shall assign the reasons of such their judgment," and made a similar provision in case of an appeal from the Court of Chancery. It was argued that neither the judges nor the chancellor could assign reasons for their judgments, where such judgments had passed silently by default; and that it could not, therefore have been intended by the constitution to review judgments voluntarily suffered by the party's default. But it will be found on examining the cases above cited, and particularly that of *Gelston vs. Hoyt*, that the constitutional provision above referred to formed but one of four reasons assigned by the court, why a judgment obtained by default ought not to be reviewed in the appellate court. The general rule is laid down, that no point can be raised in an appellate court, which was not argued in the court below.

Such is also the rule in the English house of lords (Dean vs. Abel, *Dicken's R.* 287; 2 *Sch. & Laf.* 712).

This court is now the court of last resort, with regard to causes originating in a justice's court. No appeal will lie from the determination of this court in such an action to the Court of Appeals (*Code,* §11). The jurisdiction of this court is only appellate. It can only review the decisions of the County Court,

Dorr Appellant agt. Birge and Wells Respondents.

which in such causes, is also an appellate tribunal. If a party to the appeal before the County Court may suffer a default there, and then appeal to this court, it would be equivalent to appealing in the first instance directly from the judgment of the justice of the peace to this court. It is the judgment of the County Court that is to be reviewed in this court, and a party ought not to be subjected to the expense of an appeal to this court, until he has had the deliberate consideration and judgment of the County Court. This was plainly contemplated by the statute. The Code provides (§ 344) that no appeal shall be allowed from a judgment of a county court in a case arising in a justice's court, unless the party desiring to appeal shall, within thirty days after notice of the judgment, present to a judge of the Supreme Court the return of the justice, or a copy thereof, *with the decision* of the county court, and obtain from such judge a certificate that he has examined the case, and in his opinion an appeal to the Supreme Court should be allowed." The county court is expected to make a decision upon the questions presented by the return of the justice. It can hardly be said to do this where judgment is reversed by default. In such case the return is not presented to or read by the county judge. The party appearing is entitled to the judgment moved for, on proof of due service of notice of motion (*Rule* 28). The rules of this court are applicable to all the county courts. (*Code*, § 470)

The question presented on appeal to this court, in this case, is not whether the justice of the peace rendered an erroneous judgment. That was the question before the County Court, and the plaintiff failing to appear before that court, pursuant to notice, the defendants were entitled to a judgment of reversal. If that judgment was irregularly entered, or if for any reason the party was unable to appear in time, that court only can afford relief on motion. I am satisfied this court is vested with no authority in this case except to review and correct the decisions of the county court actually made after a hearing of both parties.

The appeal must therefore be dismissed with costs.