G. H. LUCE, Tax Collector of Honolulu, *vs.* CHIN WA *et al.*

APPEAL FROM INTERMEDIARY COURT.

JULY TERM, 1886.

JUDD, C. J.; McCULLY and PRESTON, JJ.

There is no appeal from a judgment by default.

OPINION OF THE COURT, BY McCULLY, J.

In the Police Court of Honolulu, the defendants were defaulted for non-appearance on the return day and hour, and upon proof on the plaintiff's part, judgment was entered for the plaintiff.

The defendant, later in the day, took an appeal from this judgment.

On appeal, the Intermediary Court held that an appeal did not lie from a judgment by default, and an appeal was taken up to the Court in banco. This is the question now submitted to this Court.

This involves the construction to be given to the phrases in Section 1005 : "Any party deeming himself aggrieved by the decision of any police or district justice in any case, whether civil or criminal, may appeal," etc. Section 835 provides that the summons shall contain a notification to the defendant that, if he fails to attend at the time and place of trial designated, judgment will be rendered against him *ex parte* by default. The affidavit of defendant's counsel, presented in the Intermediary Court, sets forth that, on the day set for the trial of the cause, he attended at the Police Court a few minutes after 9 o'clock a. m. That, on his reaching the Court-room, the Police Justice had called this case, before calling the criminal docket, which was contrary to the rules of the Police Court, and had already entered judgment for plaintiff herein, entering no appearance for defendant; that he, affiant, asked that the judgment be vacated and the case tried on its merits, stating that defendant had a meritorious defense; that the Police Justice replied that plaintiff herein had not time to attend the trial, and that an appeal to the (Inter-

mediary) Court would give defendant opportunity to set up his defense.

From the affidavit we infer that due service had been made on the defendant; that the case was within the jurisdiction of the Police Court; that the complaint was not defective, and that no motion to remove default was made or denied. The case of *Halleck vs. Jandin*, 34 Cal. 167, is much relied on to support the appellant. The language of the Court is, that "as to the right of appeal, there is no distinction between judgments by default, and judgments after issue joined and a trial. The former is as much a final judgment as the latter, and the statute gives a right to appeal from all final judgments without distinction. From this it follows that all errors disclosed by the record can be reviewed and corrected on an appeal from the former class of judgments, as well as the latter."

The Court in this utterance supports itself by no authority. It is in contravention to the current of previous judicial findings of the same State, but it does not express itself as overruling them. Mr. Justice Field, then Chief Justice Field, says, in *Mott vs. Smith*, 16 Cal. 555: "To entitle objections to consideration here, they must be presented to the Court below in the first instance, at least, if they are of a character which might have been then obviated by the production of other evidence."

In *Guy vs. Ide*, 6 Cal. 99, the Court say: "When a remedy is so perfectly attainable in the Court of original jurisdiction, an appellate Court will not administer it for any cause that can be assigned."

The cases of *Holman vs. Sigourney*, 11 Met., 436, and *Ball vs. Burke*, 11 Cush, 80, more explicitly support the appellant's contention. The revised statute of Massachusetts amended the old statute by striking out the words, "in which any issue has been joined;" and the Court in these cases held that appeal lay from a judgment on default, and for non-suit. A reason given is that the judgment upon a default may be for a sum too large or too small, or may be rendered for causes of action not embraced in the Court—matter which may be corrected upon an appeal. The Massachusetts Courts are bound by the express Legislative interpretation given to the statute by the amendment, and the Commissioners' notes indicating that purpose.

Upon reason it is not satisfactory to hold that a party by merely suffering a default in the Court of original jurisdiction, may, in the form of an appeal, take his case for trial before the appellate Court. The theory of appeal is to afford a re-trial in a superior tribunal, which may correct errors of law, and findings of fact, as made in the lower Court. The plaintiff has a right to a trial upon issue joined in the original Court. If judgment is then rendered against him, he may choose to proceed no further, and risk no increase of costs. If the defendant, being duly summoned, does not appear, he seems to plead *nolo contendere.* He consents to a judgment for the plaintiff, if he can make his case ex parte.

Until the default is removed it is as complete when first ordered as if the defendant did not appear at any time thereafter. The reasons, if any exist, for the removal of a default, should be presented to the Court which has ordered it. Under the appellant's claim of appeal, a default may be suffered without danger. The jurisdiction of the Court, to which the defendant is legally summoned, may be ousted in every case. We cannot hold, even upon the authorities cited, that this is a reasonable construction of the statute. A line of New York authorities support the view that an appeal does not lie from a judgment rendered on default.

In *Dorr vs. Birge*, 8 Barb., 351, the reasoning of the Court is, "the jurisdiction of this Court is only appellate. It can only review the decisions of the County Court. If a party to the appeal to the County Court may suffer a default, and there and then appeal to this Court, it would be equivalent to appealing in the first instance directly from the judgment of the Justice of the Peace to this Court."

*Gelston vs. Hoyt*, 13 Johns., 561, is strong authority for this view ; other authorities are *Sands vs. Hildreth*, 12 Johns., 493 ; *Harvey vs. Cuyler*, 17 Johns., 469 ; *Colder vs. Knickerbocker*, 2 Cowen, 31.

In 20 Johns., 283, *Adams vs. Oaks*, the language of the statute gives an appeal to "every person who shall think himself aggrieved by an order of any Justice." The Court, per Nott, J., say : "To allow the defendant, by suffering a default to pass by

the Justice's Court, would prevent the right of appeal, which implies an actual previous litigation in the tribunal appealed from. It would convert the appellate Court into one of original jurisdiction. A judgment by default for want of appearance is, for this purpose, equivalent to a judgment on confession." In the view which we adopt, an appeal is not to be allowed in this case.

*A. Rosa*, for the plaintiff.

*W. R. Castle* and *H. E. Avery*, for the defendant.

Honolulu, July 31, 1886.