## A. V. GEAR v. WILLIAM HENRY.

ERROR TO DISTRICT MAGISTRATE OF HONOLULU.

ARGUED APRIL 24, 1912                    DECIDED APRIL 30, 1912

ROBERTSON, C. J., PERRY AND DE BOLT, JJ.

PROCESS—*when issued—service of—returnable.*
> Process is issued when prepared and placed in the hands of a person authorized to serve it with the intent to have it served. Process issued and served on the day it is made returnable is not in compliance with the statute. R. L. Sec. 1705.

APPEAL AND ERROR—*jurisdiction—void judgment—appeal therefrom.*
> Where the district magistrate has not acquired jurisdiction of the person of the defendant and enters judgment against him by default, the judgment is void, and an appeal may be taken therefrom without a preliminary motion to set aside the judgment.

OPINION OF THE COURT BY DE BOLT, J.

This is a writ of error to review a judgment entered by the district magistrate of Honolulu in an action of replevin, where-

in A. V. Gear, the defendant in error, was the plaintiff and William Henry, the plaintiff in error, was the defendant. One phase of this controversy, brought up by appeal on points of law, was recently before us for consideration. Ante, 54.

The summons in the action of replevin was signed by the magistrate at the request of the plaintiff's attorney and delivered to the latter on December 30, 1911, and made returnable on January 2, 1912, at 1:30 p. m. The possession of the summons was retained by the plaintiff's attorney until about 10:30 a. m., January 2, when, as he claims (the record not being entirely clear on this point), he filed it with the magistrate's clerk, paid the costs and then delivered it to the sheriff for service who served it on the defendant at about 11 a. m. At 1:30 p. m. (the hour designated in the summons for the appearance of the defendant), upon the case being called by the magistrate for trial, the defendant, appearing specially by counsel, moved to quash the summons on the ground that it had not been issued in compliance with the statute, which, in this respect, requires that "All original writs shall be returnable not less than one nor more than six days from the date of issue." R. L. Sec. 1705. The motion to quash was denied, and thereupon the defendant's counsel orally noted an appeal to the supreme court on points of law, and made no further appearance in the case. Then, on motion of the plaintiff, the defendant was "called," and making no response, was declared in default, and the case was continued until January 3, for proof, when the judgment complained of was entered.

The denial of the motion to quash and the entry of the judgment constitute the chief errors assigned by the defendant.

The plaintiff contends that the summons was "issued" on December 30, 1911, the date on which it was signed and delivered by the magistrate to his attorney; that the summons was made returnable within the statutory time; that the magistrate acquired jurisdiction of the person of the defendant; and

that the judgment is valid. The defendant contends, however, that the "date of issue," as regards the summons, was January 2, that being the date on which it was delivered to the sheriff for service; that the summons was issued and made returnable on the same day, namely, January 2, 1912; that the magistrate did not acquire jurisdiction of the person of the defendant; and that, therefore, the judgment entered against him is void.

The date of signing a writ or summons by the magistrate is not, necessarily, the "date of issue." The summons in question, in our view of the case, was not "issued," in the sense contemplated by the statute, by the mere signing and delivery of it by the magistrate to the plaintiff's attorney, who had no authority to serve it. Process is "issued" when it is prepared and placed in the hands of a person authorized to serve it with the intent to have it served. Anderson's Law Dict., 568; 32 Cyc. 425; *Houston* v. *Thornton,* 122 N. C. 365, 374; *White* v. *Johnson,* 27 Ore. 282, 297; *Howell* v. *Shepard,* 48 Mich. 472, 474. The summons in the case now before us was not placed in the hands of the sheriff, a person authorized to serve it, until the morning of the day on which it was made returnable. The requirements of the statute were not complied with. The defendant was not legally served and he could have disregarded the summons. The magistrate did not acquire or have jurisdiction of the person of the defendant. .The judgment entered against the defendant, therefore, is void. *Gouveia* v. *Nakamura,* 13 Haw. 450.

Counsel for the plaintiff in addition to his argument on the merits, contends that the defendant was in default, and that there can be no appeal from a default judgment. He cites *Luce* v. *Chin Wa,* 5 Haw. 629, as authority, which is clearly distinguishable from the case at bar. In that case the magistrate had acquired jurisdiction of the person of the defendant by proper service and the failure of the defendant to appear

at the time designated in the summons authorized the magistrate to enter judgment against him.

Counsel for the plaintiff also urges that the defendant is not entitled to have the judgment reviewed for the further reason that he has not moved the magistrate to vacate or set it aside. There is no merit in this contention. "Where the trial court had no jurisdiction of the person of appellant, an appeal may be taken without a preliminary motion in the trial court to set aside the judgment." 2 Ency. Pl. & Pr. 103.

While it appears to be generally conceded that a void judgment may be wholly disregarded and treated as a nullity, whenever any right is claimed under it, whether it has been appealed from and set aside by a competent court or not, it appears also to be the practice for courts of review to entertain appeals from void judgments for the purpose of reversing and purging the record of them, even though the defendant was in default. Id. 102; 6 Id. 224; 2 Cyc. 590, 617, 618.

The judgment of the district magistrate is reversed.

*A. A. Wilder* (*Thompson, Wilder, Watson & Lymer* on the brief) for plaintiff in error.

*C. F. Peterson* for defendant in error.