## TERRITORY *v.* W. H. FIELD.

## No. 926.

APPEAL FROM DISTRICT MAGISTRATE OF WAILUKU.

ARGUED APRIL 3, 1916.                    . DECIDED APRIL 7, 1916.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

APPEAL AND ERROR—*void judgment.*

    The supreme court of this Territory will entertain an appeal to set aside a void judgment of a district court.

CONSTITUTIONAL LAW—*statutes—right to question constitutionality of a statute.*

    A question of the supposed conflict of a statutory provision with the Constitution will not be considered at the instance of one whose rights do not appear to be affected by such provision.

MUNICIPAL CORPORATIONS—*police power—ordinances—automobiles.*

    Certain provisions of ordinance No. 31 of the County of Maui, relating to the registration of motor vehicles and the certification of chauffeurs held not to constitute a prohibition of the operation of motor vehicles upon the highways but reasonable regulations made in the exercise of the police power.

OPINION OF THE COURT BY ROBERTSON, C. J.

    The defendant was charged in the district court of Wailuku, county of Maui, with violating the provisions of ordinance No. 31 of that county by operating upon the public highway a motor car without having obtained a chauffeur's certificate authorizing him so to do. A demurrer to the charge on several grounds was overruled, and, upon the close of the evidence, a motion to discharge the defendant was denied. Upon uncontradicted evidence in support of the charge the defendant was found guilty, the only defense attempted to be made on the facts being that the defendant was possessed of a chauffeur's certifi-

cate which had been issued to him on September 10, 1910, under an ordinance passed on October 4, 1906, which was repealed by an ordinance passed on April 11, 1913, and which, in turn, was repealed by the present ordinance No. 31, which went into effect on January 1, 1916. The defendant appealed from the judgment upon points of law, and his counsel have limited their contention in this court to questions touching the validity of the ordinance.

The county attorney contends that as the courts of record of this Territory have power under section 2246 of the Revised Laws "to decide the constitutionality and binding effect of any law, ordinance," etc. inferentially the district courts, which are not courts of record, have no such power. From this he argues that this court ought not to consider this appeal upon its merits but should dismiss it. But even if the district courts have no power to pass upon the constitutionality of statutes or ordinances, a thing we are unable to concede, yet, in this case, if the ordinance in question is invalid because violative of constitutional inhibitions and the appellant is in position to complain thereof, the ordinance would be declared a nullity by this court, and the judgment below being void it could be reversed on this appeal. This court will entertain an appeal to set aside a void judgment of a district court. *Lewers & Cooke* v. *Redhouse,* 14 Haw. 290, 294; *Gear* v. *Henry,* 21 Haw. 101, 104. Another reason why this appeal should not be dismissed lies in the fact that all the grounds upon which it is contended the ordinance is invalid do not involve the Constitution.

The contention of the appellant was and is that the ordinance is null and void because (1) it is unreasonable and arbitrary and denies to certain persons the equal protection of the laws by discriminating against certain citizens desirous of securing chauffeurs' certificates in order to drive for public hire; (2) it denies to persons under the

age of twenty years, and regardless of their fitness and qualification, the right or privilege of securing chauffeurs' certificates to drive automobiles in public service for hire; (3) it does not equally affect all persons under the age of twenty years who may hold or apply for certificates since those who possessed certificates prior to the passage of the ordinance are not required to obtain new certificates; (4) it invests an arbitrary discretion in the examiner of chauffeurs in the matter of the granting or refusing to grant to applicants therefor permanent chauffeurs' certificates; (5) it empowers the examiner to revoke and cancel temporary chauffeurs' certificates without a hearing and without the right of appeal from his decision; and (6) it vests in the examiner of chauffeurs judicial powers and functions.

Ordinance 31 is a comprehensive enactment comprising twenty-seven sections entitled "An ordinance relating to the registration, use and operation of motor cars, and the examinations and qualifications of chauffeurs and drivers thereof, and creating an office to be known as the examiner of chauffeurs and inspector of automobiles for the county of Maui," and repealing prior and conflicting ordinances. The scope of the ordinance is reflected in its title. The argument is that certain of its provisions are open to the objections above enumerated, that they conflict with the provisions of the 5th and 14th Amendments of the Constitution in regard to "due process of law" and "the equal protection of the laws," and are "unconstitutional" generally. We deem it unnecessary to examine the several sections of the ordinance at which the various objections are directed to ascertain whether any of the objections are well founded since it does not appear that any of the alleged invalid provisions affect the appellant or have operated to his disadvantage in any way. The appellant does not contend that he desires a certificate to enable him to drive a motor vehicle for public hire, or that he is under the age

of twenty years, or that he has been arbitrarily refused a certificate, or that he has a certificate which has been or is about to be arbitrarily revoked by the examiner, or that the examiner has exercised judicial functions to his detriment. It is well settled that a question of the supposed conflict of a statutory provision with the Constitution will not be considered at the instance of one whose rights do not appear to be affected by such provision. This has so often been held in this jurisdiction, as well as in others, that we are surprised at being obliged to reiterate the rule. See *The King* v. *Young Tang,* 7 Haw. 49; *Territory* v. *Hoy Chong,* 21 Haw. 39; *Wilder* v. *Colburn,* 21 Haw. 701; *Territory* v. *McVeagh, ante* p. 176, and cases there cited.

On behalf of the appellant it is further contended that the requirements of the ordinance in question amount to a prohibition of the operation of automobiles upon the public highways in the county of Maui, whereas the power conferred upon the county in this connection is merely to regulate. We hold that the scope of the ordinance constitutes regulation and not prohibition. In order to obtain the necessary certificate the ordinance requires that the applicant shall make application in writing "setting forth the name, sex, nationality, occupation and place of residence of applicant, the amount and nature of experience the applicant has had in operating, and places where he has operated, motor cars; designating in said application the kind of motor car, and motive power thereof, for the running of which applicant desires to secure a chauffeur's certificate, and whether or not a certificate is desired entitling the applicant to operate a car in the public service for hire" (Sec. 7); and that he "must have attained the age of seventeen years, must be familiar with the terms of this ordinance, and must have proven to the satisfaction of the examiner of chauffeurs that he is competent to operate

the type or types of cars for which application to operate is made; provided that any applicant desiring to operate a car in the public service for hire must have attained the age of twenty years and must have passed a special examination," etc. (Sec. 9); and shall pay a fee of one dollar for registering the vehicle (Sec. 24) and a fee of three dollars for the chauffeur's certificate (Sec. 25). Clearly, such provisions do not constitute a prohibition of the driving of motor vehicles upon the highways. They are reasonable regulations made in the exercise of the police power. See *Territory* v. *Schaefer,* 19 Haw. 214; *People* v. *Schneider,* 139 Mich. 673; *Unwen* v. *State,* 73 N. J. L. 529; 75 N. J. L. 500; *Com.* v. *Boyd,* 188 Mass. 79.

The judgment appealed from is affirmed.

*E. R. Bevins,* County Attorney of Maui, for the Territory.

*D. H. Case* (*E. Vincent* with him on the brief) for the defendant.