# K. TOMISHIMA *v.* P. F. HURLEY.

## No. 1102.

### Error to Circuit Court, Fourth Circuit. Hon. C. K. Quinn, Judge.

Argued October 2, 1919.                    Decided October 8, 1919.

### Kemp and Edings, JJ., and Circuit Judge Franklin, in Place of Coke, C. J., Absent.

Appeal and Error—*void default judgment—appeal therefrom.*

The general rule that an appeal or writ of error does not lie from a judgment by default without first moving to have the default set aside does not apply where the errors assigned are of such a nature as, if sustained, would render the judgment void.

Same—*same—defective complaint.*

Where the default judgment is attacked on the ground that the complaint does not state a cause of action and no motion has been made in the trial court to have the judgment set aside the complaint will be liberally construed and supported by every legal intendment and if it states facts sufficient to render the judgment thereon a complete bar to another suit for the same cause of action it will withstand the attack.

#### OPINION OF THE COURT BY KEMP, J.

This is a writ of error to the circuit court of the fourth judicial circuit from a judgment by default entered against the defendant in said court and assigning as errors that the court erred in entering the judgment in favor of the plaintiff and against the defendant for the reasons (1) that the complaint does not set forth facts sufficient to constitute a cause of action; (2) that the court failed to render a decision in writing stating its reasons therefor; (3) that said judgment is contrary to the law, and (4) that said judgment is contrary to the evidence.

The plaintiff contends that none of the errors assigned should be reviewed for the reason that a writ of error does not lie from a default judgment without first moving to have the default set aside. He has cited in support of this contention *Luce* v. *Chin Wa*, 5 Haw. 629; *Kalanianaole* v. *Dimond*, 16 Haw. 153, and *Mills* v. *Walker*, 18 Haw. 243. We are satisfied that these cases correctly state the law as applicable to the facts with which they deal and so far as the facts of this case are similar to the facts dealt with in those cases they support the plaintiff's contention. But in the case of *Gear* v. *Henry*, 21 Haw. 101, which so far as we are aware is the latest decision by this court dealing with this question, the general statement that a writ of error does not lie from a default judgment without first moving to have the default set aside was modified to the extent of holding that where the trial court had no jurisdiction of the person of the appellant an appeal may be taken without a preliminary motion in the trial court to set aside the judgment upon the theory that a judgment thus entered is void and for the purpose of revising and purging the record of such judgment an appeal will be allowed even though the defendant was in default.

If then any of the errors assigned are of such a nature as, if sustained, would render the judgment void an appeal or writ of error will lie from such judgment without first moving to have the default set aside. It is undoubtedly true that a question which may not be reviewed upon appeal or error where the defendant has merely failed to raise the question in the court below will not be reviewed upon a writ of error from a default judgment where the trial court has not been given an opportunity to correct the error upon motion to set aside the default. In 2 Cyc. 698 it is said that the question of the sufficiency of evidence must be raised by ob-

jection in the court below and will not be considered if raised for the first time on appeal.

We also think that the question of whether or not the judge has failed to file a written decision setting forth his reasons therefor is quite analogous to the rule found in many jurisdictions requiring the judge to file his findings of fact and it has been repeatedly held that a failure to make or file findings of fact will not be considered in the absence of a request therefor and an exception to the court's refusal or noncompliance with the request. 2 Cyc. 728-9.

The authorities on the question of whether or not the sufficiency of the complaint may first be raised upon appeal are not entirely in accord. In 2 Cyc. 691 it is said: "While it is the rule in a few jurisdictions that the objection that the complaint does not state facts sufficient to constitute a cause of action is waived by a failure to raise that objection below in some appropriate manner it is well settled in most jurisdictions that an objection of this character may be urged for the first time on appeal. Nevertheless the reviewing court does not look upon such an objection with favor and the complaint will be construed liberally and supported by every legal intendment and if it states facts sufficient to render the judgment thereon a complete bar to another suit for the same cause of action it will withstand the attack."

In view of the authorities which we have cited and referred to we think that none of the errors assigned should be reviewed unless it be the one alleging that the complaint does not state facts sufficient to constitute a cause of action. If a complaint upon which a default judgment is based is so defective in substance as to wholly fail to state a cause of action it may be that the judgment will be void and under the holding of *Gear* v. *Henry, supra,* the same would be subject to appeal or

error without the necessity of first moving to have the default set aside. But in an examination of the complaint for the purpose of determining whether or not it does state facts sufficient to constitute a cause of action it would be our duty to liberally construe it and support it by every legal intendment. The charging part of the complaint in this case is as follows: "For that whereas said defendant heretofore, to wit, on or about the 16th day of March, A. D. 1917, was justly indebted to the plaintiff herein in the sum of $1035.80 for material furnished and provided by plaintiff to said defendant and for services rendered and performed by said plaintiff for said defendant and for money paid and laid out by plaintiff for the use of said defendant at his special instance and request in and upon the performance and construction and in the prosecution and completion of sections 2, 3, 4 and 5 of the Kukaiau section of the belt road in the district of Hamakua, Island and County of Hawaii aforesaid and being so indebted, said defendant did thereafter on the day last aforesaid undertake and faithfully promise to pay the said sum whenever he should thereto be requested; yet said defendant notwithstanding said promise and undertaking has not paid the whole or any part of the said sum as requested to the damage of said plaintiff in the sum of $1035.80," and concluding with a prayer that "plaintiff have and recover judgment against the said defendant in the sum of $1035.80 together with interest from March 16, 1917, attorney's commissions and costs hereof." Attached to said petition is an exhibit setting forth in detail the materials and labor furnished.

The principal contention of the defendant is that the complaint does not allege that the said materials and labor were furnished to the defendant at his special instance and request, it being his contention that the phrase "at his special instance and request" as used in

said complaint relates only to the money paid and laid out by the plaintiff for the use of said defendant and does not relate to the materials furnished and the services rendered as stated in said complaint, and that thus construed the allegation of the complaint that the defendant thereafter promised to pay the said sum whenever he should thereto be requested is not supported by any consideration.

Bearing in mind, however, that the complaint must be liberally construed and supported by every legal intendment and upheld if it sets forth facts sufficient to render the judgment thereon a complete bar to another suit for the same cause of action we think that the complaint in this case must be sustained; that it states a cause of action and is sufficient to support the judgment rendered thereon, and would enable the defendant to plead said judgment in bar of another suit on the same cause of action. By this we are not to be understood as holding that the complaint would have successfully withstood this attack if made by special demurrer. What we do hold is that in the absence of any demurrer the complaint is sufficient.

The judgment is affirmed.

*E. C. Peters* (*Peters & Smith* on the brief) for plaintiff in error.

*N. W. Aluli* (*W. H. Beers* with him on the brief) for defendant in error.