# SUPREME COURT.

JAMES BOYD agt. SAMUEL A. BIGELOW, administrator, &c.

Upon a reference of the plaintiff's claim against executors or administrators, without action, pursuant to 2 *R. S.* 88, &c., the court can set aside the report or confirm it, and adjudge costs, and render judgment, which should'be valid and effectual in all respects, as if the same had been rendered in a suit commenced by the ordinary process. (*This agrees with the case of Linn* agt. *Clow, ante, page* 508.)

The party aggrieved, should cause the case to be brought before the court at a special term, upon a motion to set aside the report before the judgment is entered; and if this motion is denied, he may then appeal to the general term, upon the facts as well as the law. He may then appeal to the Court of Appeals upon questions of law.

The "Act in relation to special proceedings," passed April 15th, 1854, is broad enough to include such a case; therefore, it is not necessary on appeal to give security in the first instance, unless the appellant desires a stay of proceedings, and then he should apply to the court or a judge for an order. Where there has been a *stipulation* that judgment be entered upon the report of the referees, there can be no appeal from such judgment. There must be an actual determination by the court at special term, before an appeal will lie to the general term.

*Erie, General Term, January,* 1857.
BOWEN, GREENE and MARVIN, *Justices.*
MOTION to dismiss an appeal.

JOEL L. WALKER, *for plaintiff.*
A. W.. HARVEY, *for defendant.*

By the court—MARVIN, Justice. The claim of the plaintiff, was referred by agreement, to three disinterested persons, pursuant to 2 *R. S.* 88, 89, §§ 36, 37, and a report was made by the referees in favor of the plaintiff. The defendant stipulated that judgment should be entered upon the report. It was entered, and defendant appealed to the general term of this court. No security was given upon the appeal.

Boyd agt. Bigelow.

The plaintiff's counsel insists that there could be no appeal from the judgment. That such a case was not appealable, and if appealable the defendant's stipulation estopped him, and put the case in such a position that no appeal would lie. That security should have been given.

Under the Revised Statutes a rule was entered in the office of the clerk of the supreme court, or common pleas, referring the matter in controversy to the persons selected. The referees made their report to the court in which the rule was entered. The referees had the same powers, and their proceedings were to be the same as though they had been appointed by the court in an action pending in the court. The court could set aside the report, or confirm it and adjudge costs, and render judgment, which should be valid and effectual in all respects as if the same had been rendered in a suit commenced by the ordinary process. But before judgment was entered, a rule *nisi* was entered, and either party dissatisfied could move to set aside the report. For the practice see *Gra. Prac.* 576 *to* 579. If the court refused to set aside the report, judgment was rendered. If the decision of the court was upon a question of law, an appeal could be taken to the court of appeals. (See the practice in *Graham, supra,* and 11 *W.* 482.)

In my opinion, this practice is still to be substantially pursued, that is, the party aggrieved should cause the case to be brought before the court at a special term, upon a motion to set aside the report before the judgment is entered, and if this motion is denied, he may then appeal to the general term, and I presume upon the facts as well as questions of law. He may then appeal to the court of appeals upon questions of law.

I think the "act in relation to special proceedings," passed April 15th, 1854, (*ch.* 270,) is broad enough to include such a case. If this is so, it is not necessary to give security in the first instance, unless the appellant desires a stay of proceedings, and then he should apply to the court or a judge for an order touching the matter. (*Act of* 1854, § 1.)

In the present case, there has been no hearing at or actual decision by the court at special term. The defendant stipula-

ted that judgment be entered upon the report, and in my opinion, no appeal can be made from the judgment. By the statute of 1854, the appeal may be from any judgment, order, or final determination made at a special term in any special proceeding therein. This will not include judgments, orders or final determinations, upon default, or rendered, or made upon stipulation. The general term cannot be called upon to examine the case until it has been presented, contested and passed upon at a special term. *Dorr* agt. *Wells,* (5 *How. Pr. R.* 323, *and the cases there cited,*) may be referred to, as analogous.

The question is new, and the practice perhaps involved in some doubt, and as I understand, the defendant did not intend or suppose that his stipulation would deprive him of a right to appeal to the general term, the motion will be granted without costs and without prejudice to any application that may be made to be relieved from the stipulation, and to vacate the judgment.