## SUPREME COURT.

James L. Munson agt. Thomas M. Howell and others, Administrators, &c.

Where a claim against *executors* or *administrators* is referred under the statute, the defendants, (executors or administrators,) where they succeed, are entitled to *costs* against the plaintiff, as in an action. (*Agreeing with Linn agt. Clow,* 14 *How. Pr. R.,* 508; *and Boyd agt. Bigelow, id.* 511.)

*Monroe General Term, September,* 1860.

*Present,* SMITH, JOHNSON *and* KNOX, *Justices.*

APPEAL from order of special term.

The plaintiff presented a claim to the defendants as administrators of the estate of Mr. Mallory. The claim was disputed, and referred to referees under the statute, who reported in favor of the defendants, who entered up judgment for costs. The plaintiff opposed the adjustment of costs before the clerk, and appealed from his adjustment. At special term the adjustment was confirmed, and the plaintiff appealed to the general term from such order.

H. O. CHESEBRO, *for plaintiff.*

MORSE & MASON, *for defendants.*

By the court, E. DARWIN SMITH, Justice. Section 41 of chapter 8, part 2nd, of the Revised Statutes, at page 224, 4 ed., provides that if executors or administrators doubt the justice of any claim to them presented, they may enter into agreement in writing to refer the matter in controversy to three disinterested persons, to be approved by the surrogate, and that on the filing of such agreement and approval in the office of a clerk of the supreme court, a rule shall be entered by such clerk either in vacation or in term, referring the matter in controversy to the persons selected. The next section provides that the referees shall proceed to hear and determine the matters, and make their report thereon to the court, and that the same proceedings shall be had in all respects, and the reference shall have the same force, as if the reference had been made in an action in such court; and the court may set aside or affirm such report, and adjudge costs as in actions, and the judgment of the court thereupon shall be as valid as if the same had been rendered in a suit commenced by the ordinary process. Under these provisions of the statute, after the filing of the stipulation, and the entry of the rule to refer, I have no doubt that the proceedings should be deemed an action pending, or prose-

Munson agt. Howell.

cuted in this court with the usual incidents thereof, except as the same is otherwise expressly regulated by the statute. This court thereafter has jurisdiction of the parties, and of the proceedings in the same manner, and to the same effect in all particulars as in actions formally commenced by summons or otherwise. Such was the obvious intent and meaning of the statute. The filing of the agreement with the approval of the surrogate is a voluntary appearance in this court, and is in effect a mode of commencing an action therein, authorized and prescribed by the statute. The plaintiff having in this mode commenced an action in this court, is liable for costs in case he fails to recover, as much as all other parties in actions commenced and pending in this court. Executors and administrators are to a certain extent privileged suitors in the courts. They act in a representative capacity, having no personal interest in the litigation in which they are liable to be involved, and it is the policy of the law to exempt them and the estates they represent, from costs, except when they refuse to refer demands presented to them, or unreasonably resist or neglect their payment. But I know of no provision of law which makes parties suing executors or administrators, privileged suitors. There is no reason why they should be so. Indeed the reason is the other way. If they make a false claim against executors or administrators, more than in other cases they should be liable for costs when they are defeated in the assertion of such claim. Section 305 of the Code gives costs to the defendant in all the cases mentioned in section 304, unless the plaintiff is entitled to costs. The plaintiff, in this case, if he were suing any person but executors or administrators would be liable to costs. But section 317 declares that in actions prosecuted or defended by an executor or administrator, trustee of an express trust, or person expressly authorized by statute, costs shall be recovered as in an action by and against a person prosecuting or defending in his own right. This portion of the section

clearly gives costs to both parties as fully as in all other actions. But the next portion of the section declares that such costs shall be chargeable only upon, or collected of the estate fund or party represented, unless the court shall direct the same to be paid by the plaintiff or defendant personally, for mismanagement or bad faith in such action or defence. This portion of the section obviously applies only to the party suing or being sued in the representative capacity, and has no reference to the opposite party. The next portion of the section declares that the same should not be construed to allow costs against executors or administrators where they are now exempt therefrom, by § 41 of title 3, chapter 6 of the 2d part of the Revised Statutes. This provision shows that it was not the intention of the legislature to change the rule of costs in these cases, but to leave both parties liable for costs, as before the Code, except as such rule is altered in the next portion of the section giving to the prevailing party the right to recover the fees of referees and witnesses, and other necessary disbursements.

We concur with the judges of the eighth district, in the case of *Boyd* vs. *Bigelow*, (14 *How. P. R.*, 511,) and with Judge HARRIS, in *Linn* agt. *Clow*, (14 *id.* 508,) on this question of costs. The defendants were clearly entitled to costs, as in an action, and the order of the special term should be affirmed, with $10 costs.