## WHALEY v. GLEASON.

MOTION FOR NEW TRIAL.—An application for a new trial must be by motion, upon written cause filed at the time of making the motion.

BILL OF EXCEPTIONS.—*Affidavits.*—Affidavits filed in a cause can only be made a part of the record by being embraced in a bill of exceptions.

CONTINUANCE.—An application to continue a cause appealed from a justice of the peace, on account of the absence of the justice, by whom it is proposed to be proved that the transcript is not complete, should be overruled.

APPEAL from the Steuben Common Pleas.

OSBORN, J.—This was an action of replevin, commenced by the appellee against the appellant before a justice of the peace.

On the day set for trial, the parties appeared before the justice, and the appellant moved the court to dismiss the action, and in his motion assigned the following reasons therefor:

First. The papers on file in the action, purporting to be the complaint and affidavit, had not, up to the making of the motion, been signed by the plaintiff or any one in his behalf.

Second. Because the property was not specifically described.

Third. Because no seal appeared to the *jurat* of the affidavit and the approval of the bond.

Fourth. Because the writ was wholly void.

The motion was overruled. There was a jury trial, and verdict and judgment for the appellee.

The appellant appealed to the common pleas court. The cause was tried by the court; finding for the appellee; motion for new trial overruled, exception, and judgment on the finding. The appellant renewed his motion to dismiss in the common pleas court, which was overruled, to which he excepted. The appellant then moved the court for a continuance, which was overruled, to which exceptions were taken.

The errors assigned are, first, overruling the motion to dismiss the action; second, overruling the motion to continue the cause; third, refusal of the court to grant an order on the justice to complete his transcript; fourth, overruling his motion for a new trial; fifth, that there was no sufficient complaint and affidavit on file.

The record does not show that any written motion for a new trial was filed, or that any cause was stated as a ground for the motion. "The application must be by motion, upon written cause filed at the time of making the motion." Sec. 355, 2 G. & H. 215. There is nothing before the court on that motion.

The motion to dismiss was properly overruled. The defendant appeared and moved to dismiss on the ground that the complaint and affidavit was not signed by the plaintiff, and that the *jurat* of the justice was not signed by him. The record shows that both were signed. The clerk has copied some affidavits into the record, but as they do not appear in a bill of exceptions, we cannot regard them as before us.

The affidavit for a continuance was not sufficient. The continuance was asked to enable the appellant to prove by the absent witness, who was the justice of the peace before whom the cause was tried, that the transcript was not complete, and not to prove any fact material to the issue in the cause.

Whaley *v.* Gleason.

There was no motion for a rule upon the justice to amend or send up a full transcript. The record shows, "and said defendant's motion to continue is by the court overruled, to which ruling of the court the defendant excepts and files his bill of exceptions in these words." Then follows the only bill of exceptions in the record. It states that the cause came on to be tried "by the court upon motion of said defendant, supported by affidavits, which said motion in writing and affidavits are in these words (here insert), for an order upon Lucius W. Hall, a justice of the peace, before whom the above-entitled cause was tried, requiring him to appear in this court to show cause why he should not complete his record and transcript in this behalf, which motion was by the court overruled," to which ruling he excepted. No motion for an order or rule upon the justice, or any affidavit in support of it, appears in the bill of exceptions or record.

We think the complaint and affidavit sufficient. The complaint is sworn to by the appellee. It states that he is the owner, and entitled to the possession, of the personal property mentioned in the complaint, of the value of fifty dollars; that the defendant, on the 6th day of September, 1870, wrongfully took the same from him without right and unlawfully detains it from him; that it is exempt from execution by the laws of this State. It demands judgment for the recovery of the property and damages for its detention. Sec. 71, 2 G. & H. 598.

The appellant has discussed several questions in his brief, and asks the court to pass upon them, but as they are not legitimately before us, we decline to do it.

The judgment is affirmed, with costs.

*L. H. Stocker* and *J. K. Morrow*, for appellant.

*J. A. Woodhull* and *W. G. Croxton*, for appellee.