JOHN L. FLAKE, Respondent, *v.* WILLIAM W. VAN WAGENEN, Appellant.

An order or judgment taken by default is not appealable. The remedy of the party is to apply to the court to have the default opened, or the order or judgment set aside.

The provision of section 348 of the Code, as amended in 1851, providing for an appeal to the General Term from a judgment entered upon the direction of a single judge, "in all cases," has reference to cases tried and decided after hearing the parties, and where judgment has been rendered after an examination of the issues; it does not apply to a judgment to which the party, against whom it is rendered, has impliedly assented by his default.

(Argued January 18, 1873 ; decided March term, 1873.)

APPEAL from order of the General Term of the Supreme Court in the second judicial district, dismissing appeal from judgment at Special Term in favor of plaintiff.

The facts pertinent to the questions presented appear sufficiently in the opinion.

*Wm. W. Van Wagenen* appellant in person. Appeals may be taken to the General Term from judgments and orders entered upon the direction of a single judge of the same court in all cases. (Code, §§ 348, 349; *Wilkinson* v. *Tiffany,*

4 Abb. Pr., 98.) Defendant's answer was not frivolous. (*Tamisier* v. *Cassard,* 17 Abb., 187; *Smith* v. *Mead,* 14 id., 262.)

*Tompkins Westervelt* for the respondent. This judgment was granted on notice to defendant, and on his default, and is not appealable. (*Pope* v. *Dinsmore,* 29 Barb, 376; S. C., 8 Abb., 429; *Stewart.* v. *Morton,* id., note; *Dorr* v. *Birge,* 8 Barb., 351; S. C., 5 How. Pr., 323; *Lynch* v. *McBeth,* 7 How. Pr., 113; *Irving Bk.* v. *Palmer,* 2 Till. & Shear. Pr., 887; *Briggs* v. *Bergen,* 23 N. Y., 162; *Maltby* v. *Greene,* 1 Keyes, 548.) The fact that plaintiff had replied to defendant's answer before moving for judgment is no objection to the motion having been granted. (*Stokes* v. *Hagar,* 1 Code, 84; *Chauncey* v. *Hodges,* N. Y. Transcript,. June 23, 1860.)

EARL, C. The plaintiff commenced an action to foreclose a mortgage made by defendant, and the defendant put in an answer setting up various defences.

The plaintiff served a reply to the answer, and thereafter made a motion at Special Term, founded upon the pleadings for judgment, on the ground that the answer was frivolous. Notice of the motion was properly served upon the defendant, but he did not appear to oppose, and the motion was granted by default. An order was then made appointing a referee to take proof of the facts stated in the complaint, and the requisite proofs were taken by such referee, and he thereafter made his report; and then, upon such report, the plaintiff, having given notice of motion to the defendant, moved for final judgment. This motion was granted, the defendant not appearing to oppose, and the judgment was then entered. The defendant appealed to the General Term from the order giving judgment on account of the frivolousness of the answer; also from the order of reference, and also from the final judgment. These appeals were all dismissed at the General Term—the first two in May, 1867, and the last in March, 1868.

The appeal from the judgment was dismissed distinctly on the ground that the judgment had been obtained by default. The defendant appealed to this court from the order dismissing the appeal from the judgment.

The sole question for our determination is, whether the General Term erred in dismissing the appeal on the ground that the judgment, by default, was not appealable. That it did not err is quite clear. The General Term is an appellate tribunal clothed with power to review the errors of inferior tribunals and of the Supreme Court at the Circuit or Special Term. As well said by the chancellor in *Gelston* v. *Hoyt* (13 J. R., 561): "The very theory and constitution of a court of appellate jurisdiction only is the correction of errors which a court below may have committed; and a court below cannot be said to have committed an error when their judgment was never called into exercise, and the points of law were never taken into consideration, but was abandoned by the acquiescence or default of the party who raised it." It is true that the Supreme Court at General Term is the same court in which judgment is given at the Circuit or Special Term, and hence, that such a judgment is not the judgment of an inferior court. But the General Term is the Supreme Court organized with three or more judges for the review of the orders and judgments granted by single judges at the Circuit or Special Term; and when reviewing such orders and judgments it acts solely as a court of appellate jurisdiction. However improper the evidence may be which one party gives at the circuit, and however erroneous the charge of the judge may be, the other party cannot, upon appeal, complain, unless, at the time he made the proper objection, and thus called for the exercise of the judgment of the judge, upon the matter complained of. In the absence of any objection he will be held to have acquiesced; and, for the same reason, if a party permits an order or judgment to be taken against him by default, when he has been notified to appear, and has thus had an opportunity to object, he will be deemed to have acquiesced; and afterward he can no more attack the

same upon appeal than he could if he had expressly assented to the order or judgment. (*Dorr* v. *Birge,* 8 Barb., 351 ; *Pope* v. *Dinsmore,* 29 id., 367 ; *Maltby* v. *Greene,* 1 Keyes, 548.)

The remedy of a party in such case is to apply to the court to have the default opened, or to have the order or judgment set aside, and he can thus obtain all the relief he ought to have. As said in *Gelston* v. *Hoyt* (*supra*), " a party acts against good conscience if he will not come forward and disclose his reasons, when called upon by the proper tribunal, but reserves himself for another court and for the cold, hard purpose of accumulating costs, or of depriving his adversary of the opportunity of correcting his error."

The defendant claims, however, that since the amendment of section 348 of the Code, in 1851, providing for an appeal to the General Term from a judgment entered upon the direction of a single judge " in all cases," an appeal from a judgment entered by default may be taken. This provision has reference to cases tried and decided by single judges after hearing the parties, and where judgment has been directed after examining the issues of law or fact. The section must have some such limitation. A party certainly could not appeal from a judgment to which he had expressly assented, although entered under the direction of a single judge ; and no more can he from a judgment to which he has impliedly assented by his default.

I am therefore of opinion that the order should be affirmed, with costs.

All concur.

Order affirmed.

# CASES DECIDED

IN THE

# COMMISSION OF APPEALS