By the Court.—Freedman, J.
The motion to dismiss the appeal on the ground that no case or case containing exceptions has been made or filed, must be denied, if the appellant is otherwise entitled to be heard. If she had answered in the action, it is clear that even without a case she would be at liberty to raise such questions as appear on the face of the judgment roll, and might formerly have been raised on a writ of error (Brown v. Hardie, 5 Robt. 678 ; Berger v. Dubernet, 7 Id. 1).
*185 The action is for divorce on the ground of adultery. The defendant appeáred, but did not answer. Upon the reference to take the proofs, her counsel appeared, cross-examined the witnesses, and took exceptions, and upon the service upon him of the referee’s report, he filed and served exceptions thereto. Upon the hearing of plaintiff’s motion for the confirmation of the report and of defendant’s exceptions, the case was referred back to the referee. Upon the second hearing before the referee the testimony of about nine witnesses was taken, and they were cross-examined. The referee again reported in favor of the plaintiff. The report was again excepted to, but the court confirmed it after a full hearing and granted judgment, from which the defendant appealed. It is important, therefore, to determine her standing before the general term.
Section 998 of the Code of Civil Procedure provides that it .is not necessary to make a case where a party intends to appeal from a judgment entered upon a referee’s report, or a decision of the court upon a trial without a jury, and to rely only upon exceptions taken as prescribed in section 994. The exceptions referred to are exceptions filed, after the trial of an issue of fact, to the conclusions of law reached by the referee or court.
In the case at bar there was no trial of an issue of fact, nor was there any reference for such a trial, because no issue had been raised by the service of an answer. True, no judgment for divorce will be granted solely for the want- of an answer. The policy of the law is against it, and hence provision has been made for requiring full and detailed proof of the service of the summons and complaint, and for the ascertainment of the truth of all the material allegations of the complaint, and of the existence of any cause for which judgment may be withheld, notwithstanding the fact of defendant’s adultery. But the inquiry into all these *186 matters does not constitute the trial of an issue of fact. An issue of fact arises only upon the pleadings of both parties, when a fact is maintained by one party and controverted by the other (§§ 963, 964). Where there is a default in pleading for want of an answer (the case not being one in which the clerk can enter final judgment) the plaintiff may apply to the court for judgment (§ 1,214), and the court must thereupon render the judgment to which the plaintiff is entitled (§ 1,215), which, however, is not done until the proofs have been collected by a reference, as prescribed by sections 1,215 and 1,229, and the rules.
The case at bar falls within section 1,294, which cuts off the right of appeal of a party aggrieved, where the judgment complained of was rendered upon his default. By this provision the decision of the court of appeals in Flake v. Van Wagenen (54 N. Y. 25), was incorporated into our statutory system of practice. The adjudications under the preceding Code upon this point were not entirely uniform, and to remove all doubt, provision was made in express language, and the provision includes all actions without distinction or reservation.
Throughout the proceedings below, the plaintiff was held to strict practice. The defendant had all the benefit that could accrue to her therefrom, but having refused to answer the complaint, she is not in a position to prolong the litigation by an appeal from the judgment. But even if her right of appeal were not cut off, she could, in the absence of an answer, raise only such questions as go to the jurisdiction, and appear upon the face of the judgment roll, and in that case the completeness of the record would be a sufficient answer. There was personal service, and consequently jurisdiction over her person as well as of the subject-matter, appearance by counsel, default in pleading, notice of and representation upon all pro *187 ceedings, and evidence from which the court could and did find every material fact necessary for pronouncing judgment.
The appeal should be. dismissed.
Speib, J., concurred.