JAMES KYLE, PLAINTIFF IN ERROR, v. MILO CHASE, DEFENDANT IN ERROR.

1. **Bill of Exceptions.** Affidavits used on the hearing of a motion in the district court must be preserved in a bill of exceptions to be available in the supreme court.

Kyle v. Chase.

2. ———. Depositions given or offered in evidence in the trial court must be embodied in a bill of exceptions to authorize the supreme court to consider them.

3. Trial: ABSENCE OF ATTORNEY. Where a case was reached in in its regular order on the docket, called for trial, and trial had in the absence of the attorney for the defendant, notice of the trial having been sent to his office, *Held*, No abuse of discretion.

ERROR to the district court for Lancaster county. Tried below before GASLIN, J., in absence of POUND, J.

*W. H. Snelling*, for plaintiff in error, cited: *Homer v. Conover*, 26 N. J. Law, 138. *Allegay v. Nelson*, 25 Penn. State, 332. *Byrd v. Blessing*, 11 Ohio State, 362. 1 Graham & Waterman on New Trials, 162. 3 Id., 675 *et seq.*

*Foxworthy & Son*, for defendant in error, cited: Maxwell's Practice, 392. Comp. Stat., 572. *Green v. Dodge*, 6 Ohio, 80. *Dorflinger v. Coil*, 2 Ohio, 312, and cases cited. *Lawson v. Bettison*, 7 Ark., 401. *Sampson v. Blair*, 22 Cal., 200. *Chambers v. Lane*, 23 Texas, 104.

MAXWELL, J.

This is an action to recover commission for selling real estate. It is alleged in the petition, in substance, that in October, 1881, Kyle employed Chase to negotiate a sale of or find a purchaser for certain real estate owned by said Kyle, in the city of Lincoln, at a price not less than $2,-800; that in pursuance of said employment, Chase did secure a purchaser for said real estate at the price named. Kyle, in his answer, admits that he employed Chase as alleged in the petition, but states he was to pay nothing for his services unless he secured a purchaser of said real estate, which he failed to do, but that said real estate was sold by one Lantz. On the trial of the cause a verdict was ren-

dered in favor of Chase. It is claimed that this trial was had in the absence of Kyle's attorney or without notice to him. This was one of the grounds in the court below for a new trial, and certain affidavits which purport to have been used on the hearing of the motion are in the record. Chase's attorneys now move to strike said affidavits from the record because they are not embodied in a bill of exceptions. It is well settled that affidavits used in the district court to be available in this court must be preserved in a bill of exceptions. *Ray v. Mason,* 6 Neb., 101. *Credit Foncier v. Rogers,* 8 Id., 34. The reason is, they are merely evidence that may or may not be used on the hearing. While they are filed with the clerk, they do not thereby become a part of the record, nor is the party filing them required to read them on the hearing.

Therefore, if it is claimed that the court erred in overruling a motion for a new trial upon certain evidence before it, consisting of affidavits, such evidence must be certified as having been used on the hearing. Wells in his work entitled "Questions of Law and Fact," § 840, says: "Affidavits in support of any motion are not a part of the record until brought into it by a bill of exceptions. In this all the authorities agree, I believe without an exception. Citing in support thereof, *Garner v. White,* 23 O. S., 192. *Whaley v. Gleason,* 40 Ind., 405. The motion to strike the affidavits from the record must be sustained. The motion also includes the deposition of the plaintiff in error, Kyle, which was on file in the district court at the time of the trial. It is not referred to in the bill of exceptions as having been either read or offered in evidence. It cannot therefore be considered here. The law requires all evidence, written or oral, given or offered on a trial or hearing where it is sought to review a decision upon the facts to be preserved in a bill of exceptions. The fact that certain evidence is in the form of depositions and on file with the clerk does not require either party to read the same, and

Kyle v. Chase.

there is no presumption that the deposition was read. How then can a party sustain his claim that the court erred in its ruling upon the evidence given or offered, unless it is made to appear what evidence was before the court. The deposition not being included in a bill of exceptions must be stricken from the record. But even if it was considered, we are of the opinion that the judgment should not be disturbed. The employment is admitted, and the sale was actually made to the person whom Chase seems to have secured as a purchaser, the only real contest being over the amount of commission.

And if we take the statement of Kyle's attorney, there does not appear to have been an abuse of discretion in calling the case for trial. It had been reached in its regular order in the docket. The attorney for Kyle had been present in court about half past ten o'clock in the forenoon of the day on which the trial was had, and supposed from the statements of attorneys that other cases would occupy the entire day. He made a request of the clerk that if the case was called he might be notified. Notice was sent to his office, but he was absent; the person in charge thereof was notified, but he, however, seems to have made no effort to notify the attorney. A court should grant a reasonable time to attorneys to appear in a case which, from the continuance of cases or other cause, has been reached sooner than expected. The necessary time must rest largely in the discretion of the court. The case should not lose its place on the docket or be postponed merely because the defendant's attorney is absent. If this rule prevailed it would afford an easy mode of effecting a continuance. It is only where a party has been diligent, and through no fault of his he has been deprived of a substantial right, that he is entitled to relief.

No diligence is shown in this case nor, so far as appears, any abuse of discretion by the court. The judgment must therefore be affirmed.

JUDGMENT AFFIRMED.