MERCANTILE TRUST COMPANY, APPELLEE, V. MARGARET O'HANLON ET AL., APPELLANTS.

FILED APRIL 19, 1899. NO. 8865.

1. **Review: PRESUMPTIONS.** Error must affirmatively appear. It will never be presumed to exist.

2. **Affidavits: BILL OF EXCEPTIONS: REVIEW.** Affidavits used on the

hearing of a motion, to be available in the appellate court, must
· be embodied in the bill of exceptions.

3. **Refusal to Set Aside Default: Review.** The overruling of a motion
to vacate a decree rendered upon default regularly entered
against a defendant will not be disturbed, unless it is made to
appear that there has been an abuse of discretion by the court
below.

APPEAL from the district court of Dawes county.
Heard below before GREENE, J.  *Affirmed.*

*Allen G. Fisher,* for appellants.

*Albert W. Crites, contra.*

NORVAL, J.

This suit was instituted in the court below to foreclose
a real estate mortgage. The mortgagors, Margaret
O'Hanlon and Peter O'Hanlon, were made defendants.
They waived the issuance and service of summons and
entered their voluntary appearance in the cause, but
having failed to answer or demur, a default was taken
against them and a decree of foreclosure was rendered.
Six days thereafter, and at the same term of court, the
defendants filed a motion to set aside the default, assign-
ing therefor the following reasons: (1.) Because the
defendants are not in default.   (2.) That they have a
meritorious defense.   (3.) For the reasons stated in the
affidavit of Margaret O'Hanlon. The motion was denied,
and the defendants appeal.

It is argued that the motion for security for costs
should have been sustained. The transcript does not
purport to contain copies of all the orders and rulings
made in the case, and the presumption must be indulged
that the motion asking a cost bond be given was sus-
tained by the court. Error must affirmatively appear
from an inspection of the record to work a reversal.
Moreover, plaintiff did give security for the costs on the
day the motion of the defendants was filed, and the de-

fendants recovered no costs against the plaintiff, so no prejudicial error is shown upon this branch of the case.

It is insisted that a cause of action is not stated in the petition, and this argument is based upon the fact that the pleader, in drafting the petition, omitted therefrom the words "their promissory note," in describing the principal obligation the mortgage was given to secure. It sufficiently appears from the entire pleading assailed that the indebtedness which the mortgage secured was evidenced by a principal note, and ten coupon interest notes thereto attached, each coupon being for the sum of $157.50, and maturing one on the first day of June after its execution and one each six months thereafter, and that the defendants had broken the conditions of the mortgage. The amount of the indebtedness is with sufficient particularity averred in the petition and that default has been made in the payment of the mortgage debt.

The journal entry states that the defendants were in default of a pleading at the time the decree was rendered against them, and this recital is not disproved by the portion of the record brought up. There is attached to the transcript the affidavit of the defendant Margaret O'Hanlon to the effect that the defendants had not made default, and that there existed a meritorious defense to the suit. But this affidavit cannot be considered for any purpose, since it was not embodied in a bill of exceptions. (*Hartford Fire Ins. Co. v. Corey*, 53 Neb. 209.)

No abuse of discretion has been shown in overruling the motion to vacate the default entered against the defendants; therefore this court should not interfere. (*Mulhollan v. Scroggin*, 8 Neb. 202; *Bernstein v. Brown*, 23 Neb. 64; *Lichtenberger v. Worm*, 41 Neb. 856.)

AFFIRMED.