FORGOTSON v. BECKER et al.

(Supreme Court, Appellate Term.  January, 1903.)

1. APPEAL—DEFAULT—INTERLOCUTORY JUDGMENT—SUBSEQUENT FINAL JUDGMENT—RIGHT OF APPEAL.

> Code Civ. Proc. § 1294, provides that a party aggrieved may appeal, except where the judgment or order complained of was rendered or made upon his default.  An order sustaining a demurrer to an answer recited that plaintiff's attorney appeared in support of the demurrer, and that no one appeared in opposition thereto.  An interlocutory judgment was thereupon entered directing final judgment in case defendants did not, within six days after service of a copy thereof, serve an amended answer and pay costs.  This they failed to do, and final judgment was entered. *Held*, that defendants had no right to appeal, their remedy being by application for an order opening the default.

Appeal from City Court of New York, Special Term.

Action by Etta Forgotson against Jacob Becker and others.  From an order, interlocutory judgment, and final judgment, sustaining a demurrer to defendants' answer, defendants appeal.  Dismissed.

Argued before FREEDMAN, P. J., and CLARKE and GREENBAUM, JJ.

Henry Kuntz and Edward A. Brown, for appellants.
James C. De La Mare, for respondent.

CLARKE, J.  In the order and decision of the trial justice sustaining the demurrer it is recited that the attorney for the plaintiff appeared in support of the demurrer, and no one appeared in opposition thereto.  An interlocutory judgment was thereupon entered, directing that in case the defendants do not within six days after service of a copy of the interlocutory judgment serve an amended answer and pay costs then plaintiff may enter final judgment.  The defendants failed to amend or pay costs, and final judgment was entered against them.  The defendants have appealed from both the interlocutory and final judgments.  The plaintiff contends that no appeal lies under these circumstances.  Section 1294 of the Code of Civil Procedure provides:  "A party aggrieved may appeal, in a case prescribed in this chapter, except where the judgment or order, of which he complains, was rendered or made upon his default."  An order containing a recital that the motion is granted after hearing counsel for the moving party, and no one appearing in opposition thereto, is granted on default, and no appeal can be taken therefrom.  Matter of Peekamose Fishing Club, 5 App. Div. 283, 39 N. Y. Supp. 124.  As no one appeared in opposition to the demurrer, the order upon which the interlocutory judgment was entered was made on default, and no appeal lies therefrom.  The final judgment is dependent upon the interlocutory judgment.  It was entered upon defendants' failure to comply with the terms imposed, as matter of course, without further motion.  "The final judgment carries forward the adjudication of the interlocutory judgment and completes the full adjudication of the rights of the parties."  Avery v. Woodin, 44 Hun, 266.  And an appeal from a final judgment brings up for review the interlocutory

81 N.Y.S.—21

judgment which determined the issue arising upon the demurrer.
Kerr v. Dildine, 60 Hun, 315, 15 N. Y. Supp. 58. The defendants,
therefore, cannot appeal from the final judgment. In Kerr v. Dildine,
14 Civ. Proc. R. 176, an interlocutory judgment had been entered on
the determination of an issue of law, joined by the defendant's demur-
rer to the complaint, and leave to answer granted on condition of
the withdrawal of the demurrer and payment of costs. The query was
raised whether failure to answer in such case constitutes a default
within the meaning of the Code provision. The question was not
there answered, as the case was decided on another point, and it is
not necessary to decide it in the case at bar, as we consider the failure
to appear in opposition to the demurrer the fatal default. In Kerr
v. Dildine, 60 Hun, 315, 15 N. Y. Supp. 58, the same appeal was again
before the General Term of this court, but it appeared that the de-
fendant duly argued his demurrer and appeared to oppose the entry
of final judgment. The court said: "The defendant has not been in
default at any stage of the action. * * * In the cases principally
relied upon by the respondent there was not only failure to answer, but
failure to oppose the application for judgment, so that in those cases
judgment was, in fact, taken by default." The clear purpose of the
Code provision is to insure compliance with the wise plan of our
procedure, that argument on any given point of law or fact be first
presented to a trial judge. To admit this appeal would open the door
to many arguments before an appellate court when the matter had
never been contested in the court below. Judge Earl, in Flake v.
Van Wagenen, 54 N. Y. 25, quoting Gelston v. Hoyt, 13 Johns. 561,
says:

"A party acts against good conscience if he will not come forward and dis-
close his reasons, when called upon by the proper tribunal, but reserves for
himself another court. * * * The very theory and constitution of a court
of appellate jurisdiction only is the correction of errors which a court below
may have committed; and a court below cannot be said to have committed an
error when their judgment was never called into exercise, and the points
of law were never taken into consideration, but was abandoned by the ac-
quiescence or default of the party who raised it."

The failure to appear and oppose the demurrer constitutes a de-
fault, within the meaning of section 1294 of the Code, because the
reasons for overruling the demurrer were not presented to the court.
The demurrer was not contested, and therefore acquiesced in.

In Flake v. Van Wagenen, 54 N. Y. 27, Judge Earl says:

"However improper the evidence may be which one party gives at the
circuit, and however erroneous the charge of the judge may be, the other
party cannot, upon appeal, complain, unless at the time he made the proper
objection, and thus called for the exercise of the judgment of the judge upon
the matter complained of. In the absence of any objection he will be held
to have acquiesced; and, for the same reason, if a party permits an order
or judgment to be taken against him by default, when he has been notified
to appear, and has thus had an opportunity to object, he will be deemed to
have acquiesced, and afterward he can no more attack the same upon ap-
peal than he could if he had expressly assented to the order of judgment."

The definition of default as a failure to appear and contest a point
of law or fact by presentation of counter argument or proof has been
applied in many cases. Where there has been no opposition to a

referee's report, or when there has been a stipulation that judgment be entered thereon, no appeal lies from such judgment. Boyd v. Bigelow, 14 How. Prac. 511. Mr. Justice Marvin, construing the right to appeal under an early statute, says:

"This will not include judgments, orders, or final determinations upon default, or rendered or made upon stipulation. The General Term cannot be called upon to examine the case until it has been presented, contested and passed upon at a Special Term." Smith v. Velie, 60 N. Y. 106.

But, on the other hand, although no motion had been made to set aside the referee's report, it was held that an appeal lies, where the merits had been argued on a motion to confirm the report and for judgment thereon. Kellogg v. Clark, 23 Hun, 393. So, also, no appeal lies from a judgment entered upon an inquest taken at the trial. Keller v. Feldman, 2 Misc. Rep. 179, 21 N. Y. Supp. 581; Greenleaf v. Brooklyn, etc., R. R. Co., 37 Hun, 435. Where, on motion, duly noticed, an answer is stricken out as sham or on the ground that it is frivolous, and no one appeared in opposition to such motion, a judgment rendered thereon is by default, and no appeal lies. Flake v. Van Wagenen, 54 N. Y. 25; Innes v. Purcell, 58 N. Y. 388; Hoag v. Hatch, 16 Civ. Proc. R. 118, 3 N. Y. Supp. 92. The proper remedy in the case is not to appeal, but by application to the court for an order opening the default. Oliver v. French, 80 Hun, 175, 30 N. Y. Supp. 52.

Appeal dismissed, with costs. All concur.