GEORGE P. HOY v. STATE OF NEBRASKA.

FILED JULY 3, 1903.    No. 13,085.

1. **Record**: PRESUMPTION. When the evidence upon which the trial court decided an issue of fact is not preserved in the record, it will be presumed that the decision is right.

2. ———. Affidavits used on the trial of an issue of fact, do not become part of the record by being certified to this court by the clerk of the district court. The law, and not the clerk, determines what shall constitute the record.

3. **Criminal Law**: SELF-DEFENSE. A person attacked, or formidably threatened, by three persons acting in concert, may avail himself of the right of self-defense by using commensurate force against the nearest assailant, although it is not from him, but from the others, that great bodily harm is apprehended.

4. ———: ———. The right of self-defense does not belong alone to

persons engaged in the pursuit of their lawful business; it is available to every person, regardless of the nature of his business, who is assaulted, or who, upon just grounds, apprehends an immediate unlawful attack.

5. **Bill of Exceptions.** This court is under no obligation to consider a bill of exceptions which is not fairly and reasonably legible.

ERROR to the district court for Cuming county: GUY T. GRAVES, DISTRICT JUDGE. *Reversed.*

*Ole Anderson, Harry Keefe* and *George L. Loomis,* for plaintiff in error.

*Frank N. Prout, Attorney General,* and *Norris Brown,* contra.

SULLIVAN, C. J.

George P. Hoy, who was convicted of an assault and battery in the district court for Cuming county, seeks by this proceeding a reversal of the sentence.

The assignments of error which call in question the action of the trial court in appointing Mr. Valentine to conduct the prosecution, on the assumption that the county attorney and his deputies were under disability, can not be sustained. The court acted upon evidence and, the evidence not having been preserved in the bill of exceptions, the presumption will be indulged that the action was right and proper. *Madsden v. Norfolk Mill Co.,* 15 Neb. 644.

Attention is directed by counsel for defendant to certain affidavits bearing upon this question and certified by the clerk of the district court as part of the record. These affidavits can not be considered. The law, and not the clerk of the court, determines what shall constitute the record. Affidavits used upon the trial of an issue of fact are merely evidence and can only become a part of the record by being included in the bill of exceptions. *Kyle v. Chase,* 14 Neb. 528; *Frederick v. Ballard,* 16 Neb. 559; *Mercantile Trust Co. v. O'Hanlan,* 58 Neb. 482.

As every litigant is entitled to have his theory of the case submitted to the jury, it must be assumed, in dealing

with the exception to the seventh instruction, that the facts which defendant's evidence tended to prove were established. His account of the transaction upon which the prosecution was grounded, is in substance this: While traveling on horseback on the "Blair road" he encountered a fence, which he was in the act of tearing down, when he discovered three men advancing toward him from an adjacent field uttering oaths and opprobrious epithets. These men were Peter Hart, Harry Murray and the complaining witness, William Murray. Knowing that they claimed the road had not been legally established and that he was a trespasser, he abandoned his purpose to tear down the fence, mounted his horse and was about to ride away, when William got in front of him and attempted by force to detain him. Shocked and surprised by the oaths and epithets, and fearing that Hart and Harry Murray would come upon him and in their fury kill him, the defendant struck the complaining witness several blows with a cane, in order to make him release his hold upon the horse's bridle. Failing in this, he dismounted and fled, leaving his horse behind him. Upon this evidence, defendant requested the court to charge that if he had, when the blows were struck, a reasonable and well-grounded belief that he was in imminent danger of receiving great bodily harm from Hart or either of the Murrays, it was lawful for him, as a measure of self-defense, to use such force as appeared reasonably necessary to break away from William and make his escape. The court refused this instruction and, in its stead, gave the following:

"The jury are instructed, that if you from the evidence believe that at the time the defendant is alleged to have committed the assault and battery upon the person of William Murray, the circumstances surrounding the defendant were such as, in sound reason, would justify or induce in his mind an honest belief that he was in danger of receiving from the said William Murray great bodily harm, and that the defendant in doing what he then did, was acting from the instinct of self-preservation, then he

is not guilty, although there may, in fact, have been no real actual danger."

The instruction requested should have been given; and the one here set out should have been refused. The danger which threatened defendant was not from William Murray, alone; it was chiefly from Hart and Harry Murray; it was their language and conduct that surprised, shocked and terrified him, and finally caused him to abandon his horse and seek safety in flight. It was clearly error to require the jury to deal with the case on the assumption that William was the only person who had made, or was about to make, an unlawful attack. From the whole evidence it seems to us that the beating of the complaining witness was unjustifiable, and that the verdict is right; but we can not say that the jury would have reached the same conclusion if the court had properly instructed them with respect to the law of self-defense.

The sixth paragraph of the court's charge is criticised because it suggests the idea that the right of self-defense is available only to those who are at the time in pursuit of their lawful business. We do not condemn the instruction. When read in connection with the seventh paragraph of the charge it is probably not misleading, but still, in view of the peculiar facts of this case, it would, we think, be better to clearly indicate that the right of self-defense is the right under all circumstances to repel with commensurate force an unlawful attack really or apparently imminent.

Some other assignments of error are discussed in the briefs, but we deem them unimportant.

The bill of exceptions in this case is scarcely legible and we would be justified for that reason in refusing to consider it. Manifestly the reporter of the eighth district stands greatly in need of a modern typewriter. Those who accept the work of the machine which he is now using, do so at their peril.

The judgment is reversed and the cause remanded for further proceedings.

REVERSED.