(70 Misc. Rep. 529.)

### FISHER v. SOUTH SHORE TRACTION CO.

(Supreme Court, Appellate Term.   February 8, 1911.)

1. DEPOSITIONS (§ 9*)—RIGHT TO TAKE—MANDATORY PROVISIONS OF STATUTE.
   The provisions of Code Civ. Proc. § 889, relating to the taking of testimony, are mandatory, and applications for commission thereunder should be granted, in the absence of bad faith.

   [Ed. Note.—For other cases, see Depositions, Cent. Dig. § 4; Dec. Dig. § 9.*]

2. APPEAL AND ERROR (§ 41*)—DECISIONS REVIEWABLE—JUDGMENT ON INQUEST.
   While proceedings on inquests were not trials, defendant, having objected to testimony and taken exception to the ruling, and having further excepted to direction of verdicts, was entitled to appeal.

   [Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 41.*]

Appeal from City Court of New York, Special Term.

Actions by George E. Fisher against the South Shore Traction Company. From judgments in favor of plaintiff, and from orders refusing application for commission to take testimony, defendant appeals. Orders and judgments affirmed.

Argued before GIEGERICH, BRADY, and GAVEGAN, JJ.

Lexow, Mackellar & Wells (Frederick R. Graves, of counsel), for appellant.

Sidney Smith, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

BRADY, J.   These are appeals from two judgments entered after inquests in two actions, No. 1 and No. 2, at which the defendant's attorney appeared and objected to certain testimony offered by plaintiff and excepted to its admission.   The defendant did not cross-examine plaintiff's witnesses.   At the close of plaintiff's testimony the court directed a verdict for plaintiff for $784.80 in action No. 1 and for $1,298.67 in action No. 2.   The appeals also bring up for review an intermediate order, made in each action at Special Term of the City Court, denying defendant's motion in each action for the issuance of a commission to take the testimony of a witness who was outside the state and resided at Petersburg, Va.

The appellant urges that the application for a commission should have been granted, that the provisions of section 889 of the Code of Civil Procedure are mandatory, and that the denial of the application was reversible error.   In the absence of bad faith, such provisions are mandatory.   Oakes v. Riter, 118 App. Div. 772, 103 N. Y. Supp. 849.

An amended answer was served in both actions on September 15, 1909.   Both cases were duly placed upon the general calendar upon notes of issue filed on October 25, 1909, and notices of trial served by plaintiff that day.   The cases appeared on the call calendar February 18, 1910.   The plaintiff was ready and willing to try the cases at the earliest opportunity for trial thereafter, and so notified defendant's attorneys, and on April 20th both cases appeared upon the day calendar and were marked ready, subject to engagement of counsel for defendant, who was to try them.   On the 20th day of April, 1910, the defendant procured an order to show cause (containing a stay) why said commission should not issue.   The motions on the order to show cause were heard and denied, and the orders denying the same, dated April 23, 1910, are here appealed from.   On April 26, 1910, the inquests were taken.   Laches and bad faith were charged by the plaintiff's attorney in his affidavit used in opposing the motions, and from all the facts and circumstances the justice evidently found that bad faith on the part of the defendant was apparent, and I am of the opinion that such conclusion was justified.

The respondent urges that the judgments, being upon inquests, are not appealable.   While the proceedings were not trials, the defendant objected to certain testimony of plaintiff, and took exception to the ruling of the justice, and excepted further to the direction of verdicts, and I am of opinion that it is entitled to have its appeal heard, on the authority of Flake v. Van Wagenen, 54 N. Y. 25, and Greenleaf v. Brooklyn, etc., R. R. Co., 102 N. Y. 96, 5 N. E. 786.

I think, however, that in the objections taken by the defendant's counsel on the inquests he was bound to point out specifically the grounds of objection and the reasons therefor, as the defects in proof, if any, might have been then and there cured.   No motion to dismiss, for failure of proof or otherwise, was made by the defendant.

The orders and the judgments should be affirmed, with costs.   All concur.