JOSEPH SPORER ET AL., APPELLEES, v. MARTHA HERLIK, APPELLANT.

64 N. W. 2d 342

Filed May 7, 1954. No. 33531.

*James W. Karlovsky* and *Edward J. Baburek,* for appellant.

*John C. Barrett,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CHAPPELL, J.

On June 10, 1953, plaintiffs Joseph Sporer, Marie Sporer, and Matous Sporer filed this forcible entry and detainer action against defendant Martha Herlik in the municipal court at Omaha seeking restitution of described premises belonging to plaintiffs. On June 11, 1953, defendant was personally served with summons therein which directed her to appear on June 17, 1953, at 9 a. m. to answer, and recited that if she failed to appear plaintiffs would take judgment for possession of the described premises and costs. On June 15, 1953, as requested by defendant, she was granted a continuance of 7 days until June 24, 1953, at 9 a. m., as provided by section 26-1,125, R. R. S. 1943. She never subsequently made any request for further continuance or gave any undertaking therefor as required thereby. Rather, on June 22, 1953, defendant filed a demurrer. Thereafter, on June 24, 1953, plaintiffs appeared but defendant did

not, and proceeding in conformity with section 25-1,126, R. R. S. 1943, the municipal court rendered and entered its order and judgment as follows: "Defendant failed to appear on this date and made default herein. On motion of plaintiff, defendant's demurrer is overruled and this cause came on for trial. Trial had. Evidence heard. On consideration of the evidence the court finds the defendant guilty as charged in the complaint.

"It is therefore considered, ordered and adjudged by the court that the plaintiffs have and recover of and from the defendant restitution of the premises described in the complaint and also his costs herein expended * * *."

Subsequently, on July 6, 1953, defendant filed an appeal undertaking with justification of sureties, as provided by section 26-1,133, R. R. S. 1943, and transcript on appeal was filed in the district court on July 14, 1953. However, on August 11, 1953, plaintiffs filed a special appearance in the district court challenging its jurisdiction upon the ground that the municipal court judgment against defendant having been "entered by default," her right of appeal was barred by section 26-1,132, R. R. S. 1943, controlling municipal court procedure in forcible entry and detainer cases. That section provides: "Any party against whom judgment has been entered by this court in an action of forcible entry and detention, or forcible detention only, of real property, may appeal therefrom to the district court, *except that the right of appeal herein granted shall not be granted from judgments entered by default.*" (Italics supplied.)

Defendant then filed objections to plaintiffs' special appearance, designating same as "Answer to Special Appearance," in which she: (1) Denied that the municipal court judgment against defendant was a default judgment within the provisions of the aforesaid statute; and (2) alleged that in any event such judgment was based upon plaintiffs' petition, which did not state a cause of action, and being thus erroneous was reversible on appeal to the district court.

After hearing thereon, plaintiffs' special appearance was sustained and defendant's appeal was dismissed at defendant's costs. Her motion for new trial, to which plaintiffs again filed a special appearance, was over-ruled, and defendant appealed to this court, assigning that the decision and judgment of the district court was contrary to the transcript from the municipal court and contrary to law. We conclude that the assignment should not be sustained.

At the outset it should be noted that plaintiffs' petition clearly stated a cause of action and defendant's demurrer thereto filed in municipal court was entirely without any merit. That question is so answered by Locke v. Skow, 3 Neb. (Unoff.) 299, 91 N. W. 572; Blaco v. Haller, 9 Neb. 149, 1 N. W. 978; Hitchcock v. McKinster, 21 Neb. 148, 31 N. W. 507; Blachford v. Frenzer, 44 Neb. 829, 62 N. W. 1101; and Moore v. Parker, 59 Neb. 29, 80 N. W. 43. In the last-cited case the opinion said: "The complaint is not defective in any essential particular. It accurately describes the premises, and distinctly charges an unlawful and forcible detention of the same by the defendant. The statute requires nothing more." As stated in the syllabus: "A complaint in an action of forcible entry and detainer which accurately describes the premises, and distinctly charges an unlawful and forcible detention thereof by defendant is sufficient." Plaintiffs' petition complied therewith in every respect and the overruling of defendant's demurrer thereto could not in any manner have been prejudicial to her under the circumstances presented in this case.

In such situation, that question requires no further discussion, and in the final analysis, as conceded by defendant, the primary question presented is whether or not under the circumstances and applicable law the judgment of the municipal court against defendant was a judgment "entered by default." We conclude that it was. While the question is of first impression in this

jurisdiction, there are innumerable authorities sustaining that conclusion.

In that connection, section 26-1,124, R. R. S. 1943, provides: "If the defendant does not appear in response to the summons, and it shall have been properly served, the court shall try the cause as though he were present."

Also, section 26-1,125, R. R. S. 1943, provides: "No continuance shall be granted for a longer period than seven days, unless upon cause shown to the court of the existence of extraordinary causes and then not unless the defendant applying therefor shall give an undertaking to the adverse party, with good and sufficient surety to be approved by the court, conditioned for the payment of any rents that have or may accrue, and any additional damages that may be sustained by such adverse party by reason of said continuance, if judgment be rendered against the defendant."

It will be observed that no continuance was requested by or granted to defendant thereunder beyond 7 days, and in such situation section 26-1,126, R. R. S. 1943, became operative, which, insofar as important here, provides: "If the suit is not continued * * * as in this article provided, the court shall try the cause. If, after hearing the evidence, he shall conclude that the complaint is not true, he shall enter judgment against the plaintiff for costs. If he shall find that the complaint is true he shall render a general judgment against the defendant and in favor of the plaintiff for restitution of the premises and costs of suit." It follows that the cause herein was set for hearing and trial in the municipal court on June 24, 1953, as required by statute, and upon failure of defendant to appear on that date to present her demurrer or answer and proceed with the trial, she was in default.

As held in From v. Sutton, 156 Neb. 411, 56 N. W. 2d 441: "An appeal is not a remedy to cure or remove an error in matter of law only but is a retrial of the whole case upon the pleadings and proofs.

"To obtain redress by appeal the right to appeal must exist at the time. This right is not one at common law.

"The mode and manner of appeal is statutory and such jurisdiction can only be conferred in the manner provided by statute."

As a matter of fact, as held in Schmidt v. Henderson, 148 Neb. 343, 27 N. W. 2d 396: "The action of forcible entry and detainer is a statutory proceeding and original jurisdiction thereof is conferred on justices of the peace, county courts, and municipal courts."

As stated in 36 C. J. S., Forcible Entry and Detainer, § 77, p. 1210: "The party against whom judgment is rendered, may obtain a review of the case by writ of error, or by appeal, to the extent that a right of appeal is given to him by constitutional or statutory provision."

In Blachford v. Frenzer, *supra,* it is said: "The legislature designed by the enactment of this statute to provide a summary remedy by which the owner of real estate might regain possession of it from one who had unlawfully and forcibly entered into and detained possession thereof, or one who, having lawfully entered, then unlawfully and forcibly detained possession." See, also, Adkins v. Andrews, 1 Neb. (Unoff.) 810, 96 N. W. 228, wherein it is said: "The special character of proceedings in forcible entry and detainer is generally recognized. They are intended to provide a speedy and more or less summary remedy, and belong in a class apart with other special and summary proceedings."

In 2 Fisher, Courts of Limited Jurisdiction, § 393, p. 725, citing cases from this and other jurisdictions and referring to Chapter 27, article 14, R. R. S. 1943, and Chapter 26, sections 26-1,118 to 26-1,134, R. R. S. 1943, it is said: "The remedy is strictly statutory and the applicable statute must be strictly complied with. The two articles of the code are complete within themselves and the provisions of the general code of civil procedure relating to civil and criminal actions do not apply."

See, also, 2 Fisher, Courts of Limited Jurisdiction, § 401, p. 743.

In 26 C. J. S., Default, p. 665, the term default: "* * * has been defined generally as meaning failure, neglect, or omission; the failure of a party to take a step required by law in the progress of a legal action; neglect or omission of a legal requirement, and, more specifically, as meaning a failure to appear, a failure to file a required pleading within time; any omission or neglect to plead or to appear. The term when applied to a defendant is frequently used in a much wider sense, and a failure to enter a plea, answer, affidavit of defense, etc., as well as for want of appearance, is included in the definition, and has been said to signify a confession of the complaint."

Black's Law Dictionary (3d ed.), p. 539, defines the term default under the sub-head "In Practice" as: "Omission; neglect or failure of any party to take step required of him in progress of cause. When a defendant in an action at law omits to plead within the time allowed him for that purpose, or fails to appear on the trial, he is said to make default, and the judgment entered in the former case is technically called a 'judgment by default.'" Also, "Judgment by default," is defined as: "One entered upon the failure of a party to appear or plead at the time appointed." See, also, p. 1027, where it is said: "Judgment by default is a judgment rendered in consequence of the nonappearance of the defendant. * * * The term is also applied to judgments entered under statutes or rules of court, for want of affidavit of defense, plea, answer, and the like, or for failure to take some required step in the cause." See, also, Webster's New International Dictionary (2d ed.), Unabridged, p. 686.

In 11 Words and Phrases (Perm. ed.), p. 532, citing and quoting from Forgotson v. Becker, 39 Misc. 813, 81 N. Y. S. 321, it is said: "The definition of 'default' as a failure to appear and contest a point of law or fact by

presentation of counter argument or proof has been applied in many cases."

In Forgotson v. Becker, *supra*, quoting with approval from Flake v. VanWagenen, 54 N. Y. 25, it is also said: " 'In the absence of any objection he will be held to have acquiesced; and, for the same reason, if a party permits an order or judgment to be taken against him by default, when he has been notified to appear, and has thus had an opportunity to object, he will be deemed to have acquiesced; and afterward he can no more attack the same upon appeal than he could if he had expressly assented to the order of judgment.' "

In Continental Oil & Gas Production Co. v. Austin (Tex. Civ. App.), 17 S. W. 2d 1114, it is said: "The term 'judgment by default' is now generally applied to a default made after an appearance, as well as before; and may be entered where defendant fails to answer or plead within the time allowed him for that purpose, or fails to appear on the trial, or otherwise fails to take some step required by some rule of practice or some rule of court." See, also, 23 Words and Phrases (Perm. ed.), p. 219.

As stated in 31 Am. Jur., Judgments, § 506, p. 125: "A judgment by default is based upon an omission by a party to take a necessary step in the action within the proper time. Generally, the omission consists of a failure to plead or appear within the time required."

As stated in Peterson v. Kissell, 148 Iowa 516; 125 N. W. 808: "A default is the failure to take the step required in the progress of an action, and a judgment by default is a judgment against the party who has failed to take such step."

To sum it all up, in the strict sense, a default judgment is one taken against a defendant who, having been duly summoned in an action, fails to enter an appearance in time; but the term is also now ordinarily applied where default occurs after appearance as well as before, and may be rendered where defendant fails to answer or

plead or take some step required within the time limited by statute or authoritative order or rule of court, or after issues joined fails to appear at the hearing or trial when the same is called or set for trial, as required by statute or authoritative rule or order of court. 49 C. J. S., Judgments, § 187, p. 324.

Hardy v. Miller, 11 Neb. 395, 9 N. W. 475, was not a forcible entry and detainer case, but otherwise it is comparable in every material respect with that at bar. Defendants Hardy therein filed separate demurrers which were untenable, as in the case at bar. They had not appeared to present same at the time the case was set for trial. Answer day had then passed, so the demurrers were overruled, and being in default of answer, judgment was rendered against them by default under a statute comparable in material respects with section 26-1,126, R. R. S. 1943. In the opinion this court said: "The finding of the court that Hardy and wife made 'default of answer' is one of fact. No judgment can lawfully be rendered by default until the time for filing an answer has elapsed, and the authority of the court to render such judgment follows from the failure of the defendant to answer, and not from the particular manner in which the default entered. The essential fact is the failure to answer, and where this appears in a judgment it is sufficient prima facie to authorize the action of the court, and its proper action in taking the default will be presumed."

Authorities relied upon by defendant either follow the old strict minority rule that once having made an appearance there can subsequently be no judgment by default, which we do not desire to adopt, or they are distinguishable upon the basis of the statutes involved or circumstances presented. To discuss them at length here would serve no purpose.

Under the circumstances appearing in this case, the rules heretofore set forth are controlling. We conclude that the judgment of the municipal court was one ren-

dered and entered by default within the provisions of section 26-1,132, R. R. S. 1943, which barred defendant's right of appeal. To hold otherwise would give the statute no force or effect; permit litigants to toy with courts; and thus indefinitely retain possession of another's property without authority of law, thereby perpetrating an injustice which the Legislature appropriately sought to avoid.

Therefore, the judgment of the district court sustaining plaintiffs' special appearance and dismissing defendant's appeal should be and hereby is affirmed.

AFFIRMED.