FRAZIER, INC., A CORPORATION, APPELLEE, v. HAROLD E. ALEXANDER ET AL., APPELLANTS.

161 N. W. 2d 505

Filed October 4, 1968. No. 36836.

Foulks, Wall & Wintroub, for appellants.

Philip M. Kneifl and Kneifl, Kneifl & Byrne, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

CARTER, J.

This is an appeal from an order of the district court for Douglas County refusing to set aside a default judgment.

On August 25, 1966, plaintiff commenced its action to obtain a judgment against the defendants on their promissory note for $4,260.35, less two payments totalling $775, and accrued interest. After demurring to the petition, defendants filed their answer. Plaintiff filed its reply. After obtaining leave of court, defendants filed an amended answer to which plaintiff filed a motion to make it more definite and certain by stating if the contract therein alleged was oral or in writing and, if the latter, to set it out in the amended answer. The motion was sustained and defendants given 2 weeks to amend. The time to amend expired on August 9, 1967, without the amendment being made. On August 14, 1967, plaintiff filed a motion for a default judgment and noticed it for hearing on August 21, 1967. On the latter date the default was entered. On September 11, 1967, within the term but after the issuance of execution and a garnishment proceeding, defendants moved to vacate the default. On September 25, 1967, a hearing on the motion to vacate the judgment was had and evidence taken after which on September 29, 1967, the motion was

overruled. A motion for a new trial was filed and overruled, and an appeal taken to this court.

There is an issue raised growing out of the withdrawal of defendants' counsel. The record shows that defendants' counsel filed his notice of withdrawal from the case on August 9, 1967. The notice of withdrawal was dated August 1, 1967, and it contains the certificate of defendants' withdrawing counsel that a copy thereof was served by mail on August 1, 1967, on plaintiff's counsel and the defendants. The evidence shows a letter from defendants' counsel under date of August 1, 1967, to the defendants, sent by certified mail, advising of his withdrawal from the case which was admittedly received on August 2, 1967. The trial court on August 18, 1967, in view of the admitted receipt by defendants of the letter of withdrawal on August 2, 1967, entered an order allowing defendants' first counsel to withdraw as attorney of record for defendants. The motion for a default judgment filed by the plaintiff on August 14, 1967, shows a certificate of service by mail on defendants at their home address on August 14, 1967. Defendants state that they never received this copy. We see no abuse of discretion in this, the defendants having a period of 20 days to procure new counsel which they neglected to do. Defendants are in no position to assert their own negligence as a basis for securing a vacation of the default judgment.

Defendants complain that the notice of the motion for a default judgment was not for a period of 10 days in advance of the taking of the judgment as required by section 25-2007, R. R. S. 1943. The notice required by this section of the statute applies when a default is to be taken at chambers. We find no statute, and none is cited, which requires a 10-day notice for taking a default in open court. The complaint has no merit.

Defendants contend that since they had an answer on file a default judgment could not be taken and that their failure to amend within 2 weeks in accordance

with the court's order furnished no basis for the entry of the default. The rule in this state as to the time that a default judgment may be taken is stated in Sporer v. Herlik, 158 Neb. 644, 64 N. W. 2d 342, as follows: "To sum it all up, in the strict sense, a default judgment is one taken against a defendant who, having been duly summoned in an action, fails to enter an appearance in time; but the term is also now ordinarily applied where default occurs after appearance as well as before, and may be rendered where defendant fails to answer or plead or take some step required within the time limited by statute or authoritative order or rule of court, or after issues joined fails to appear at the hearing or trial when the same is called or set for trial, as required by statute or authoritative rule or order of court." See, also, Rhodes v. Crites, 173 Neb. 501, 113 N. W. 2d 611; 49 C. J. S., Judgments, § 187, p. 324. Under these holdings, defendants' complaint is not well founded.

The defendants assert that the trial court abused its discretion in refusing to vacate the default judgment at the same term, the motion to vacate being accompanied by the tender of an answer showing a meritorious defense. In overruling the motion to vacate, the court found that defendants did not have a meritorious defense to the action. The correctness of this finding determines the issue. Lacey v. Citizens Lumber & Supply Co., 124 Neb. 813, 248 N. W. 378.

At the hearing on the motion to vacate the default judgment, the defendants admitted signing the note. They also admitted making one payment of $275 and asserted that the payment of $500 shown on the note should have been for $1,000. The defendants admitted owing a substantial amount to the plaintiff on transactions not included in the note. The president of plaintiff testified to the receipt of $1,000 as claimed. It applied $500 on the note and $500 on the other indebtedness. Defendants admit owing the indebtedness claimed by plaintiff other than that represented by the note. De-

fendants did not direct plaintiff where to credit the $1,000 payment. Under such circumstances, the plaintiff could elect where to credit the payment. The tendered answer does not state a defense under defendants' own evidence. We hold that the trial court did not err in finding that a meritorious defense to plaintiff's action was not tendered and in refusing to vacate the default judgment on that ground.

We find no error in the record and the judgment of the district court is affirmed.

AFFIRMED.