DESIGN BUILDERS, INC., AND DONALD D. SCHROEPPEL, SOLE STOCKHOLDER, APPELLEES, v. SANDY R. HEYD-LAMB, APPELLEE, DOUGLAS M. LAMB, APPELLANT, AND SHIRLEY J. HEYD, APPELLEE.

635 N.W.2d 543

Filed November 20, 2001.   No. A-00-976.

Melvin C. Hansen and Dan Kotrapu, of Hansen, Engles, Ketcham, Olson & Buckley, P.C., for appellant.

C. Jan Headley for appellees Design Builders, Inc., and Donald D. Schroeppel.

HANNON, SIEVERS, and MOORE, Judges.

MOORE, Judge.

## INTRODUCTION

Douglas M. Lamb appeals from an order of the district court for Sarpy County denying Lamb's motion to set aside the default judgment entered against him. For the reasons stated below, we reverse, and remand the matter for further proceedings.

## BACKGROUND

Design Builders, Inc., and Donald D. Schroeppel, hereafter collectively referred to as "Builders," filed a petition on April 9, 1999, in the district court alleging that Sandy R. Heyd-Lamb, as an employee of Builders, had embezzled $51,134.58. Builders also alleged that Heyd-Lamb's husband, Lamb, and Heyd-Lamb's

mother, Shirley J. Heyd, were unjustly enriched by receiving benefits of the moneys alleged to have been taken from Builders by Heyd-Lamb. The transcript before us contains a copy of a return of service indicating that the sheriff for Sarpy County completed personal service of process on Lamb on April 12, 1999.

Each of the three defendants responded individually, without legal counsel, to the petition by filing typewritten letters with the clerk of the district court. Lamb's responsive letter, file stamped on April 30, 1999, denied any knowledge of or benefit from the alleged embezzlement by Heyd-Lamb.

Builders filed a motion for default judgment or in the alternative upon the pleadings against Heyd-Lamb, which the district court granted on September 28, 1999, entering a judgment against Heyd-Lamb in the amount of $51,134.58 plus costs. On October 26, Builders filed a similar motion for default judgment against Lamb and Heyd for failure to answer, provided notice of hearing, and indicated in the certificate of service that the motion and notice were served on Lamb and Heyd at their respective addresses on October 25. In a docket entry dated November 12, 1999, the district court noted that Builders appeared with counsel, that Heyd-Lamb appeared pro se, and that neither Lamb nor Heyd appeared on the motion for default judgment. The court further noted that as Heyd-Lamb had filed an appeal to this court of the default judgment entered against her, it lacked jurisdiction to consider the motion for default judgment against Lamb and Heyd. Heyd-Lamb's appeal (case No. A-99-1255) was subsequently summarily dismissed on February 23, 2000, by this court for lack of jurisdiction under Neb. Ct. R. of Prac. 7A(2) (rev. 2000), as the order Heyd-Lamb appealed from failed to dispose of the claims as to all of the parties.

On March 8, 2000, Builders filed a second motion for default judgment against Lamb and Heyd for failure to answer. Builders' motion again included a notice of hearing, which indicated that hearing was set for March 24. The attached certificate of service indicated that the motion and notice had been served on March 7 by regular U.S. mail, postage prepaid, upon all three defendants at their respective addresses. The district court sustained the motion for default and entered judgment

against Lamb and Heyd on April 7 in the amount of $51,134.58 plus costs.

Lamb filed a motion to set aside the default judgment on June 12, 2000. In his motion, Lamb asserted that he had a meritorious defense as set forth in the April 30, 1999, letter to the court, which he filed with the court in response to the summons he received on April 12. Lamb further asserted that he had a meritorious defense as set forth in the affidavits of Lamb and Heyd-Lamb and in the proposed amended answer, all attached to his motion. The affidavit from Heyd-Lamb, which Lamb filed with his motion, stated that Heyd-Lamb did not provide any money to be used for the benefit of Lamb. Lamb's own affidavit asserted that he had no knowledge of the alleged embezzlement by Heyd-Lamb, that he did not receive any benefit from the moneys allegedly embezzled by Heyd-Lamb, and that he received no notice of hearing on the motion for default judgment against him. The proposed amended answer generally denied the allegations contained in Builders' petition. Although Lamb's motion to set aside the default judgment contained a notice of hearing, indicating that a hearing on his motion was scheduled for June 23, 2000, the bill of exceptions before us does not contain anything with regard to a hearing on Lamb's motion.

In a docket entry on June 26, 2000, the district court overruled Lamb's motion to set aside the default judgment without further comment. Lamb filed a notice of his intention to appeal from the district court's docket entry on July 7. That case became case No. A-00-719, which this court dismissed on August 23, 2000, for lack of entry of judgment in the required form of a file-stamped order.

On September 11, 2000, the district court entered a written, signed, file-stamped order stating that "[t]his matter came on for consideration on June 26, 2000, on the Motion of [Lamb] to Set Aside the Default Judgment" and that the court, "being fully advised in the premises, overruled [Lamb's] Motion by docket entry only." The court then overruled Lamb's motion to set aside the default judgment without further elaborating its reasons for doing so. Lamb timely appealed from the district court's September 11 order.

## ASSIGNMENT OF ERROR

Lamb asserts that the district court erred in overruling his motion to set aside the default judgment entered against him.

## STANDARD OF REVIEW

In reviewing a trial court's action in vacating or refusing to vacate a default judgment, an appellate court will uphold and affirm the trial court's action in the absence of an abuse of discretion. *First Nat. Bank of York v. Critel*, 251 Neb. 128, 555 N.W.2d 773 (1996).

When a jurisdictional question does not involve a factual dispute, its determination is a matter of law, which requires an appellate court to reach a conclusion independent of the decisions made by the lower courts. *Nebraska Nutrients v. Shepherd*, 261 Neb. 723, 626 N.W.2d 472 (2001).

## ANALYSIS

*Jurisdiction.*

We first consider Builders' assertion that this court does not have jurisdiction to hear this appeal. Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *Nebraska Dept. of Health & Human Servs. v. Struss*, 261 Neb. 435, 623 N.W.2d 308 (2001). However, an appellate court has jurisdiction to determine whether it has jurisdiction. *Swain Constr. v. Ready Mixed Concrete Co.*, 4 Neb. App. 316, 542 N.W.2d 706 (1996). Builders argues that Lamb's appeal was not timely filed because Lamb is appealing the order of the district court entered by docket entry on June 26, 2000, and his notice of intention to appeal was not filed until September 18, "well past thirty (30) days after the court's docket entry."

This court has previously noted that under Neb. Rev. Stat. § 25-1301 (Cum. Supp. 2000), judgment is not entered until the clerk of the court places a file stamp and date upon the judgment, and of course, there is no judgment until the judge renders a judgment by signing a written notation of the relief granted or denied. *Mumin v. Hart*, 9 Neb. App. 404, 612 N.W.2d 261 (2000).

It is clear that the district court in the present case, presumably in response to this court's dismissal of Lamb's earlier appeal, issued the September 11, 2000, signed, file-stamped

order as a means of complying with § 25-1301. As Lamb has timely appealed from the September 11 order, Builders' argument regarding jurisdiction is without merit.

*Default Judgment.*

Lamb asserts that the district court erred by failing to vacate the default judgment entered against him. A district court has the inherent authority to vacate or modify its decision within the same term in which the initial decision was rendered. *Talkington v. Womens Servs.*, 256 Neb. 2, 588 N.W.2d 790 (1999). More specifically, a district court retains authority to rule upon a motion to vacate a default judgment made within the original term during which the default judgment was rendered. *Custom Fabricators v. Lenarduzzi*, 259 Neb. 453, 610 N.W.2d 391 (2000).

The vacation of a default judgment rests in the discretion of the district court, and the burden rests on the person adversely affected by the court's order to affirmatively establish an abuse of discretion. But this discretion is not an arbitrary one, and it must be exercised reasonably. *Fredericks v. Western Livestock Auction Co.*, 225 Neb. 211, 403 N.W.2d 377 (1987); *Vacca v. DeJardine*, 213 Neb. 736, 331 N.W.2d 516 (1983). Regarding a refusal to set aside a default judgment, an abuse of discretion may exist where the defaulted party tenders an answer or other proof disclosing a meritorious defense to the action which is the subject of the default. *Fredericks v. Western Livestock Auction Co., supra.*

Where a judgment has been entered by default and a prompt application has been made at the same term to set it aside, with the tender of an answer or other proof disclosing a meritorious defense, the court should on reasonable terms sustain the motion and permit the cause to be heard on the merits. *Steinberg v. Stahlnecker*, 200 Neb. 466, 263 N.W.2d 861 (1978). In considering a request to set aside a default judgment, a court may consider promptness of the motion to vacate, negligence or want of diligence of the party moving to vacate, and avoidance of unnecessary delays and frivolous proceedings in the administration of justice. *Fredericks v. Western Livestock Auction Co., supra.*

Lamb argues that he has raised a meritorious defense to Builders' petition. Lamb argues that the letter he originally filed essentially asserted a general denial to all claims against him in

Builders' petition. Lamb argues that this letter, together with the proposed amended answer and the affidavits supporting his motion to vacate the default judgment, all demonstrate that he did not have any knowledge of Heyd-Lamb's alleged conduct.

The cases relied upon by the parties in their briefs on appeal, while helpful in analyzing motions for default judgments, are distinguishable from the present case in that the defendants in those actions failed to file an answer to the petition within the statutory time. See, *Beren Corp. v. Spader*, 198 Neb. 677, 255 N.W.2d 247 (1977); *Beliveau v. Goodrich*, 185 Neb. 98, 173 N.W.2d 877 (1970); *Commercial Sav. & Loan Assn. v. Holly Development, Inc.*, 182 Neb. 335, 154 N.W.2d 510 (1967). In this case, however, Lamb did promptly respond to the suit filed against him by filing a letter with the court. While the district court obviously did not treat this letter as an answer by virtue of the award of the default judgment, the letter arguably met the statutory criteria of an answer. Neb. Rev. Stat. § 25-811 (Reissue 1995) provides that "[t]he answer shall contain (1) a general or specific denial of each material allegation of the petition controverted by the defendant; and (2) a statement of any new matter constituting a defense, counterclaim or setoff, in ordinary and concise language, and without repetition." Neb. Rev. Stat. § 25-821 (Reissue 1995) requires that the answer be filed within 30 days after service of the summons and petition upon the defendant. Neb. Rev. Stat. § 25-823 (Reissue 1995) requires that the answer be subscribed by the party or his attorney.

Lamb's letter was addressed to the "Sarpy County Courthouse" and identified the relevant docket and case identification numbers. The first paragraph of Lamb's letter stated, in part:

> I Douglas Lamb am responding to the Summons I received on 4-14-99 regarding a suit between Design Builders, Inc./ Donald D Schroeppel & Sandy R Heyd-Lamb for the amount $51,134.58. . . . This letter shall serve as written notice that even as husband of Sandy R Heyd-Lamb I knew nothing, nor did participate nor did benefit in anyway from this alleged crime.

Lamb then made more specific assertions regarding his lack of knowledge of or benefit from Heyd-Lamb's alleged actions. Lamb closed his letter by indicating that he felt the accusations

against him were unjustified and asking that his name be removed from the suit. Lamb then signed the letter. Lamb's letter was file stamped by the clerk of the district court on April 30, 1999.

We note that Lamb's letter did not contain a proof of service showing that it had been mailed to the other parties or their attorneys as required by Neb. Ct. R. of Dist. Cts. 3 (rev. 2000). Based on a rule applied by Texas courts, 61A Am. Jur. 2d *Pleading* § 281 at 241 (1999) states that "[a] letter, or any document, that is filed with the court and substantively responds to the complaint may constitute an answer, notwithstanding its failure to comply with all of the technical requirements of the rules of civil procedure." Additionally, 61A Am. Jur. 2d *Pleading* § 224 at 217-18 (1999) provides that "[a] defendant's signed letter, which identifies the cause of action, the parties, and includes his or her current address, constitutes a timely pro se answer, and therefore, a default judgment cannot be rendered." See, *Smith v. Lippmann*, 826 S.W.2d 137 (Tex. 1992); *Faunce v. NCNB Texas Nat. Bank*, 846 S.W.2d 876 (Tex. App. 1992).

Although this is not an appeal from the entry of the default judgment, we find that Lamb's letter qualified as an answer, as per the statutory requirements, such that he was not in default for failure to file an answer. See §§ 25-811, 25-821, and 25-823. See, also, *In re Estate of Krueger*, 235 Neb. 518, 455 N.W.2d 809 (1990) (character of pleading is determined by its content, not by its caption). By this ruling, we are not suggesting that Lamb, as a pro se defendant, should have been given special consideration, but only finding that his letter meets the statutory requirements for an answer and thus qualified as an answer such that he was not in default. See *Prokop v. Cannon*, 7 Neb. App. 334, 583 N.W.2d 51 (1998) (pro se litigant is held to same standards as one who is represented by counsel).

Since the district court did not elaborate its reasons for denying the motion to set aside the default judgment and we do not have a record from the hearing, we are uncertain of the court's reasons for denying the motion. The record reveals that in addition to having answered the petition, Lamb did file a motion to set the default judgment aside, tendering therewith a proposed amended answer and affidavits and disclosing a meritorious defense to the action. While Lamb waited over 2 months to file

the motion after entry of the judgment, the motion was filed presumably within the same term of the court. Based upon this record, we find that the district court abused its discretion in overruling Lamb's motion to set aside the default judgment, primarily since Lamb was not in default.

## CONCLUSION
Because we find that the district court abused its discretion in overruling Lamb's motion to set aside the default judgment, we reverse, and remand the matter to the district court with instructions to sustain Lamb's motion to set aside the default judgment and for further proceedings consistent with this opinion.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.