GALAXY TELECOM, L.L.C., APPELLEE, V.
SRS, INC., APPELLANT.
689 N.W.2d 866

Filed December 7, 2004.   No. A-03-830.

Paul M. Conley for appellant.

Joel D. Nelson, of Keating, O'Gara, Davis & Nedved, P.C., L.L.O., for appellee.

IRWIN, MOORE, and CASSEL, Judges.

MOORE, Judge.

## INTRODUCTION

SRS, Inc., appeals from the order of default judgment entered by the district court for Lancaster County, Nebraska. Because we find that the district court properly entered default judgment, we affirm.

## BACKGROUND

In a petition filed on August 2, 2002, Galaxy Telecom, L.L.C. (Galaxy), alleged that SRS was working in an area approximately

3½ miles west of Milligan, Nebraska, when its agents cut a fiber-optic cable owned by Galaxy. Galaxy asserted theories of recovery for strict liability, under the provisions of the One-Call Notification System Act, Neb. Rev. Stat. § 76-2301 et seq. (Reissue 1996), concerning notices required by excavators, and for negligence in failing to determine the location of cables prior to digging and failing to provide adequate information to Diggers Hotline. Galaxy prayed for damages in the sum of $74,362.30. Attached as an exhibit to the petition was an invoice from Galaxy to SRS for charges resulting from restoration work in the sum of $74,362.30. The petition contained a praecipe requesting that a summons be issued for service upon SRS by certified mail to "SRS, Inc.[,] Steven Stutzman, Registered Agent[,] 931 Evergreen Drive[,] Lincoln, Nebraska 68510." An alias summons was issued on August 9 for service of summons and a copy of the petition by certified mail to SRS at "4721 Douglas Circle, Suite B[,] Lincoln, NE 68504." The certified mail return receipt shows delivery at this address on August 13.

A letter to the "District Court of Lancaster County" regarding "Case ID: CI 02 2845" was filed with the district court on September 11, 2002. The introductory paragraph stated: "SRS, Inc., is submitting this letter in response to the summons of Galaxy Telecom LLC." The letter went on to admit that SRS was working at the site referenced in the petition, that SRS performed the work in accordance with the One-Call Notification System Act, that SRS located the utilities at the site, that a technician from Galaxy was at the site to mark its fiber-optic line, and that SRS' removal of material from the site was 4 to 5 feet from the fiber-optic line at the time the Galaxy technician was notified that the line was cut. The letter further stated that the line must have been cut by someone else and that SRS was not responsible. SRS concluded that the cost of the "accident" should not be placed upon SRS, since it performed the operation in accordance with established guidelines and procedures. The letter contained a signature above the following typewritten language: "James E. Smith[,] SRS, Inc." The letter does not contain any certificate indicating service upon Galaxy.

On October 24, 2002, Galaxy filed a motion for default judgment, a copy of which was sent by mail to SRS at the Douglas

Circle address contained in the certified mail service of the alias summons. On December 6, a stipulation was filed which stated: "Defendant filed a responsive letter 9/11/02. Plaintiff did not receive a copy. Motion for Default Judgment should be withdrawn. Defendant should have 30 days to file any formal Answer, and discovery should commence thereafter." This stipulation contained a signature on the line for the defendant's attorney, which signature appeared identical to the signature on the responsive letter. The words "pro se" were handwritten below the signature line. The judge's notes contained in the transcript include an entry for December 6 stating: "The motion for default is withdrawn. Defendant is given 30 days to file a formal answer. Discovery to commence thereafter. All by stipulation." No signed, file-stamped order regarding this entry is contained in the transcript.

On March 12, 2003, Galaxy filed a trial notice indicating that the case was ready for trial and requesting a pretrial conference. This notice was mailed to SRS at the Douglas Circle address. A second trial notice, identical to the first, was filed on March 24, again with a certificate of service by mail to SRS at the same address. An order was filed March 24 scheduling a pretrial conference for May 1, which order required each party's counsel to furnish to the judge's bailiff and to exchange with the other counsel a pretrial conference memorandum at least 3 days prior to the pretrial conference. At the end of this order, it shows "cc: [counsel for Galaxy,] SRS, Inc." However, there is no certificate showing how or where copies of the order were sent. Galaxy filed a pretrial conference memorandum on April 30 in accordance with the order scheduling the pretrial conference, which memorandum shows service by mail to SRS at the Douglas Circle address. Galaxy's pretrial conference memorandum set forth the elements of its negligence claim, the elements of claimed damages in the amount of $74,362.30, and a list of proposed exhibits and witnesses, together with a recitation of the factual and legal issues in dispute. The judge's notes indicate that the pretrial conference was held on May 1, that SRS did not appear, that the pretrial conference was continued to June 12, and that Galaxy was given leave to file a motion for default to be heard also on June 12. However, no signed, file-stamped order memorializing this hearing is contained in the transcript.

On May 2, 2003, Galaxy filed a second motion for default judgment alleging that SRS had failed to answer the petition following the December 2002 order granting SRS 30 days in which to do so. A notice of hearing was included on the motion, setting the matter for hearing on June 12, 2003, and indicating that "[e]vidence will be offered by Affidavit." This motion and notice of hearing also contains a certificate of service upon SRS by mail to the Douglas Circle address. A hearing was held on June 12, at which time nobody appeared for SRS. Galaxy's counsel offered exhibit 1, an affidavit of a former vice president for Galaxy; exhibit 1 was received into evidence. The affidavit alleged that in May 2002, agents of SRS cut a fiber-optic cable owned by Galaxy, and that as a direct and proximate result, Galaxy was damaged in the amount of $74,362.30 as set forth in an attached invoice—the same invoice attached to Galaxy's petition.

In an order entered on June 12, 2003, the court found that SRS had failed to file an answer despite being granted leave on December 6, 2002, to do so in response to Galaxy's first motion for default judgment. The court also found that SRS failed to appear at the pretrial conference originally scheduled for May 1, 2003, and that SRS failed to appear at the hearing on Galaxy's second motion for default judgment. The court sustained the motion for default judgment and entered judgment in favor of Galaxy in the amount of $74,362.30, with interest to accrue at 3.114 percent per annum. On June 18, the clerk of the district court issued a notice of default judgment indicating that default judgment had been awarded to Galaxy, which notice is addressed to "Inc. SRS[,] c/o Steven Stutzman, Reg. Agent[,] 931 Evergreen Drive[,] Lincoln, NE 68510." On July 1, an entry of appearance was made by counsel for "Defendant, SRS, Inc., a Nebraska Corporation." No motion to set aside the default judgment was filed; rather, on July 14, SRS filed its notice of intent to appeal.

## ASSIGNMENTS OF ERROR

SRS assigns that the trial court committed the following errors: (1) granting default judgment against SRS, when it had timely filed a responsive letter that met the requirements of Neb. Rev. Stat. § 25-811 (Reissue 1995); (2) rendering default judgment against SRS for failure to appear at the pretrial conference, when the court record does not contain the correct name or address for

SRS and there is no indication that the pretrial order was mailed to SRS' correct address; (3) rendering judgment in the amount of $74,362.30 against SRS, when Galaxy's motion did not request this relief; and (4) admitting into evidence the affidavit offered by Galaxy, when Galaxy's notice of hearing failed to state that evidence would be offered by affidavit.

## STANDARD OF REVIEW

In an appeal from the entry of a default judgment, or the denial of a motion to stay entry of a default judgment, an appellate court will affirm the action of the trial court in the absence of an abuse of discretion. *State of Florida v. Countrywide Truck Ins. Agency*, 258 Neb. 113, 602 N.W.2d 432 (1999). A judicial abuse of discretion exists when a judge, within the effective limits of authorized judicial power, elects to act or refrain from acting, but the selected option results in a decision which is untenable and unfairly deprives a litigant of a substantial right or a just result in matters submitted for disposition through a judicial system. *Carlson v. Okerstrom*, 267 Neb. 397, 675 N.W.2d 89 (2004).

Statutory interpretation presents a question of law. When reviewing questions of law, an appellate court has an obligation to resolve the questions independently of the conclusion reached by the trial court. *Mogensen v. Board of Supervisors*, 268 Neb. 26, 679 N.W.2d 413 (2004).

## ANALYSIS

*Failure to Answer.*

Nebraska statutes in existence at the time this action was filed required that the answer or demurrer of the defendant must be filed within 30 days after service of the summons and petition, be subscribed by the party or his attorney, and contain (1) a general or specific denial of each material allegation of the petition controverted by the defendant and (2) a statement of any new matter constituting a defense, counterclaim, or setoff. See Neb. Rev. Stat. § 25-801 et seq. (Reissue 1995) (since repealed by 2002 Neb. Laws, L.B. 876, § 92, operative January 1, 2003). SRS argues that the letter of SRS complied with the foregoing requirements of an answer in that the letter was timely filed with the court, identified the court and case number, stated that it was written in response to the summons, contained an admission,

provided specific facts to refute the allegation of negligence, asserted a general denial of liability, and was "signed by Smith in conformity with Section 25-823." Brief for appellant at 17. SRS further asserts that our decision in *Design Builders, Inc. v. Heyd-Lamb*, 10 Neb. App. 642, 635 N.W.2d 543 (2001), is controlling and precludes the entry of default judgment in the instant case. In *Design Builders, Inc.*, the defendant appealed the denial of his motion to set aside a default judgment rendered against him. This court held that a letter from the defendant, similar in many respects to the letter submitted by SRS in the instant action, qualified as an answer, as per the statutory requirements which are controlling in the instant action, such that he was not in default for failure to answer. We concluded that the trial court in *Design Builders, Inc.* abused its discretion in overruling the defendant's motion to set aside the default judgment, primarily because the defendant was not in default.

The facts in the present case are distinguishable from those in *Design Builders, Inc.* While the letter on file in the present case may have satisfied the requirements of an answer if James E. Smith was representing himself pro se, as was the defendant in *Design Builders, Inc.*, the parties in the present case agree that Smith is a not a member of the Nebraska State Bar Association. As such, he is not authorized to represent the corporation in this matter.

Neb. Rev. Stat. § 7-101 (Reissue 1997) provides:

Except as provided in [Neb. Rev. Stat. §] 7-101.01 [(Reissue 1997)], no person shall practice as an attorney or counselor at law, or commence, conduct or defend any action or proceeding to which he is not a party, either by using or subscribing his own name, or the name of any other person, or by drawing pleadings or other papers to be signed and filed by a party, in any court of record of this state, unless he has been previously admitted to the bar by order of the Supreme Court of this state. No such paper shall be received or filed in any action or proceeding unless the same bears the endorsement of some admitted attorney, or is drawn, signed, and presented by a party to the action or proceeding. It is hereby made the duty of the judges of such courts to enforce this prohibition. Any person who shall violate any of the

provisions of this section shall be guilty of a Class III misdemeanor, but this section shall not apply to persons admitted to the bar under preexisting laws.

The Nebraska Supreme Court has held that proceedings in a suit by a person not entitled to practice law are a nullity, and the suit may be dismissed. *Anderzhon/Architects v. 57 Oxbow II Partnership*, 250 Neb. 768, 553 N.W.2d 157 (1996). Accord *Waite v. Carpenter*, 1 Neb. App. 321, 496 N.W.2d 1 (1992). "It is axiomatic that a corporation cannot appear in its own person. It must appear by a member of the bar." *Niklaus v. Abel Construction Co.*, 164 Neb. 842, 849, 83 N.W.2d 904, 910 (1957). The truth of this statement by the Nebraska Supreme Court becomes apparent upon reviewing § 7-101 set forth above. Smith is not a party to the lawsuit, nor is he a member of the Nebraska bar. Smith was not authorized to defend the present action by using or subscribing his own name, or by drawing pleadings or other papers to be signed and filed by a party. Accordingly, we do not give any effect to the papers signed and filed by Smith on behalf of SRS.

Based upon the foregoing authority, the responsive letter filed by Smith on behalf of SRS was a nullity and did not constitute an answer. Likewise, the stipulation signed by Smith on December 6, 2002, was also of no effect. That being said, the court approved the December 6 stipulation and granted SRS 30 days to file a formal answer, which SRS clearly did not do. SRS thereafter received at least two notices that it had not filed an answer, the first notice being the pretrial conference memorandum filed by Galaxy on April 30, 2003, which indicated that the only pleading on file was the petition, and the second notice being the motion for default judgment and notice of hearing filed by Galaxy on May 2. Both of these pleadings were served upon SRS by mail at the address upon which summons was originally served. Therefore, at the time that the district court entered default judgment, SRS had failed to file an answer, thereby causing SRS to be in default. See *Frazier, Inc. v. Alexander*, 183 Neb. 451, 161 N.W.2d 505 (1968) (default judgment may be rendered where defendant fails to answer or plead or take some step required within time limited by statute or authoritative order or rule of court), citing *Sporer v. Herlik*, 158 Neb. 644, 64 N.W.2d 342

(1954). See, also, 46 Am. Jur. 2d *Judgments* § 283 (1994) (court has power in appropriate case to default defendant for failure to comply with court's orders or rules of procedure). This assignment of error is without merit.

*Failure to Appear at Pretrial Conference.*

■ SRS argues that the district court erred by rendering default judgment against SRS for failure to appear at a pretrial conference, when the court record does not contain the correct name or address for SRS and there is no indication in the record that the pretrial order was mailed to SRS' correct address. SRS asserts that the petition named the wrong defendant and that the correct defendant is Site Response Services, Inc., which has no legal relationship to SRS. SRS attaches to its brief certificates and company information from the Nebraska Secretary of State's office, in an effort to distinguish the two corporations and to support SRS' argument that the wrong defendant was named in the petition. We must disregard these factual assertions and attachments to SRS' brief because they are not contained in the record on appeal. An appellate brief generally may not expand the evidentiary record and should limit itself to arguments supported by the record. *Putnam v. Fortenberry*, 256 Neb. 266, 589 N.W.2d 838 (1999).

■ We do note that while the petition originally sought service upon SRS at a different address than in the alias summons and that the computer-generated "JUSTICE Inquire Case" form in the transcript contains the address for SRS as contained in the original praecipe for summons as opposed to the Douglas Circle address, nevertheless, all of the pleadings served upon SRS by Galaxy following the service by alias summons were sent to the Douglas Circle address. Since after having been served at the Douglas Circle address, SRS initially responded to the petition by its letter, it cannot now argue that the address was incorrect. The time to assert that the wrong corporation was sued was upon receipt of the summons and petition, by way of a special appearance. Before filing any other pleading or motion, one may file a special appearance for the sole purpose of objecting to a court's assertion or exercise of personal jurisdiction over the objector. *Quality Pork Internat. v. Rupari Food Servs.*, 267 Neb. 474, 675

N.W.2d 642 (2004). While the lack of subject matter jurisdiction cannot be waived nor the existence of subject matter jurisdiction conferred by the consent or conduct of the parties, lack of personal jurisdiction may be waived and such jurisdiction conferred by the conduct of the parties. *Hunt v. Trackwell*, 262 Neb. 688, 635 N.W.2d 106 (2001). For purposes of personal jurisdiction, the voluntary appearance of a party is equivalent to service of process. *Id.* One who invokes the power of the court on an issue other than the court's jurisdiction over one's person makes a general appearance so as to confer on the court personal jurisdiction over that person. *Id.* A general appearance waives any defects in the process or notice, the steps preliminary to its issuance, or in the service or return thereof. *Harris v. Eberhardt*, 215 Neb. 240, 338 N.W.2d 53 (1983).

What the record which we consider does reveal is that SRS was served an alias summons and a copy of the petition by certified mail at 4721 Douglas Circle, Suite B, Lincoln, NE 68504, and that no effective answer was filed on behalf of SRS thereafter. While it is not clear from the pretrial conference order that SRS received a copy of said order at the Douglas Circle address, it is clear that a copy of Galaxy's pretrial conference memorandum was mailed to SRS at said address, which copy effectively notified SRS that a pretrial conference was going to occur. Finally, the failure of SRS to appear at the pretrial conference was only one of the findings set forth in the order in support of the granting of the default judgment. More importantly, the district court found that SRS had failed to file an answer, despite its being granted leave on December 6, 2002, to do so, and that SRS failed to appear at the hearing on Galaxy's second motion for default judgment. This assignment of error is likewise without merit.

*Granting Monetary Judgment.*

SRS argues that it was error for the district court to render judgment in the amount of $74,362.30 against SRS, when Galaxy's motion did not request this relief. While it is true that the second motion for default judgment did not specifically mention the amount of judgment sought, SRS, throughout these proceedings, was clearly notified of the amount of judgment sought. The petition filed and served upon SRS set forth this specific amount

188

of damages and included an invoice setting forth the restoration work necessitated by the alleged actions of SRS in the same sum. The first motion for default judgment contained this specific amount of judgment sought, as did the pretrial conference memorandum filed by Galaxy and served upon SRS. Galaxy's motion requested the entry of a default judgment against SRS, and SRS was clearly notified in advance of the amount of relief being requested. This assignment of error is without merit.

*Notice of Affidavit Evidence.*

SRS lastly asserts that the district court erred by admitting into evidence an affidavit offered by Galaxy, when the notice of hearing failed to state that evidence would be offered by affidavit. Neb. Rev. Stat. § 25-910 (Reissue 1995) requires that when notice of a motion is required and if affidavits are to be used on the hearing, the notice shall state that fact. SRS is simply wrong in its assertion, however, because the notice of hearing affixed to Galaxy's second motion for default judgment clearly specified that "[e]vidence will be offered by Affidavit." This assignment of error is without merit.

## CONCLUSION

The district court did not err in granting default judgment in favor of Galaxy against SRS, and the judgment of the district court is affirmed.

AFFIRMED.